

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-31-2008

# USA v. Johnson

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4611

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Johnson" (2008). *2008 Decisions.* Paper 21.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/21

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4611

UNITED STATES OF AMERICA

v.

JONATHAN JOHNSON,
                              Appellant

On Appeal from the United States District Court
for the District of Delaware
D.C. Criminal No. 06-cr-0074
(Honorable Joseph J. Farnan, Jr.)

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 20, 2008

Before: SCIRICA, *Chief Judge*, RENDELL, *Circuit Judge*, and
O'CONNOR, *Retired Associate Justice*[*]

(Filed: December 31, 2008)

OPINION OF THE COURT

[*]The Honorable Sandra Day O'Connor, Retired Associate Justice of the Supreme
Court of the United States, sitting by designation.

SCIRICA, *Chief Judge.*

Jonathan Johnson, a convicted felon, was arrested after police discovered him lurking in an alleyway and in possession of a loaded handgun. Johnson pleaded guilty to, possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The District Court sentenced Johnson to 60 months imprisonment, 3 years supervised release and a $100 special assessment.[1] On appeal, Johnson contends his sentence is unreasonable because the District Court failed to properly consider the 18 U.S.C. § 3553(a) factors in its sentencing decision.[2]

To withstand appellate review, sentences must be both procedurally and substantively reasonable. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). First, for a sentence to be procedurally reasonable, the record must indicate the sentencing court engaged in a "meaningful consideration of the factors set forth at 18 U.S.C. § 3553(a)."

---

[1] At the sentencing hearing, Johnson requested a sentence below the range recommended by the Federal Sentencing Guidelines. The basis for his request was twofold: First, Johnson attempted to persuade the court that he was not in danger of recidivism because he stopped using drugs and turned his life around. Second, Johnson requested the court be sympathetic in light of his need to arm himself because of death-threats he received from neighborhood rivals. The District Court decided to postpone the sentencing hearing and allow further investigation into the veracity of Johnson's arguments. The sentencing hearing was reconvened approximately 6 weeks later. At that time, the court considered additional arguments and evidence—including evidence Johnson had used marijuana during the continuance—which militated against Johnson's earlier pleas for lenience. Sentence was imposed at the conclusion of the hearing.

[2] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we review the District Court's decision under an abuse-of-discretion standard. *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008).

*United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007). But, a district court need not "discuss and make findings as to each of the § 3553(a) factors" so long as "the record makes clear the court took the factors into account in sentencing." *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006).

Second, to establish substantive reasonableness, the sentence must be "premised upon appropriate and judicious consideration of the relevant factors." *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006). We give deference to a district court's sentencing decision out of recognition that the trial court is "in the best position to determine the appropriate sentence." *Cooper*, 437 F.3d at 330. Deference to the sentencing court is particularly strong when a sentence falls within the Guidelines range. *See Rita v. United States*, 127 S. Ct. 2456, 2463 (2007) (noting that a reasonableness presumption for within-Guidelines sentences "reflects the fact that . . . *both* the sentencing judge and the Sentencing Commission . . . have reached the *same* conclusion as to the proper sentence in the particular case," and "double determination significantly increases the likelihood that the sentence is a reasonable one").

First, we conclude the District Court's sentencing decision was procedurally reasonable. Johnson contends the District Court failed to properly consider the § 3553(a) factors when determining his sentence, and instead focused all its attention on Johnson's use of marijuana during the sentencing continuance. The transcript negates this claim. The District Court conducted a thorough sentencing hearing, at the conclusion of which

3

the Court expressly stated it had considered all of the § 3553(a) factors and addressed a number of those factors specifically. The District Court considered Johnson's history of hazardous conduct and drug convictions, his danger to society, the seriousness of his offense, and specific deterrence. We find the District Court engaged in a "meaningful consideration of the [§ 3553(a)] factors," *Lessner*, 498 F.3d at 203. Accordingly, its sentencing decision was procedurally reasonable.

Second, the sentence is substantively reasonable. Johnson contends the evidence he had used drugs during the sentencing continuance clouded the District Court's judgment such that his sentence does not reflect a reasonable application of the § 3553(a) factors. Johnson's argument is not consistent with the record. As the transcript makes clear, the court recognized its post-*Booker* sentencing discretion and, based on reasonable application of the § 3553(a) factors to the circumstances of Johnson's case, imposed a sentence that falls within the recommended Guidelines range:[3]

> This court has considered all the factors set forth in the guidelines under 18 United States Code Section 3553(a), and has considered the characteristics of the defendant as articulated here at the sentencing. This court finds that this defendant's sentence, which does not include departure, because the court, understanding its discretion, has rejected the departure, is sufficient, but not more than reasonably necessary to meet the goal of sentencing in this offense. The sentence reflects the serious nature of the defendant's crime and the defendant's prior criminal history [and reflects the need] to punish the defendant as well as to deter him from future criminal acts.

---

[3]A total offense level of 22, combined with Johnson's criminal history category of III, yields a Guidelines range of 51 to 63 months. U.S.S.G. ch. 5, pt. A, Sentencing Table. The imposed 60-month sentence is within this range.

Accordingly, taking into account the "totality of the circumstances" and recognizing "the trial court is in a superior position to find facts and judge their import under § 3553(a)," *Gall*, 128 S. Ct. at 597, we conclude the sentence imposed by the district court "falls within the broad range of possible sentences that can be considered reasonable." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008).

We will affirm the judgment of conviction and sentence.