NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1304
_____

UNITED STATES OF AMERICA

v.

JONATHAN JOHNSON,
                              Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
District Court  No. 1-06-cr-00074-001
District Judge: The Honorable Leonard P. Stark

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 11, 2014

Before: McKEE, *Chief Judge*, SMITH, and SHWARTZ, *Circuit Judges*

(Filed:  September 17, 2014)
_____

OPINION
_____

SMITH, *Circuit Judge.*


Following the revocation of supervised release by the United States District

Court for the District of Delaware, Jonathan Johnson was sentenced to five months

of imprisonment to be followed by twelve additional months of supervised release.

On appeal, Johnson challenges the additional term of supervised release, arguing that it is both procedurally and substantively unreasonable. For the reasons that follow, we will affirm the judgment of the District Court.[1]

## I.

Johnson was arrested on July 14, 2006, for unlawful possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  At a detention hearing on July 19, Johnson was released on his own recognizance with a condition of home confinement.  After pleading guilty to the firearm offense, but before sentencing, Johnson violated the terms of his presentence home confinement by failing a drug test.  On October 31, 2007, the District Court sentenced Johnson to 60 months of imprisonment, followed by three years of supervised release.  His supervised release commenced on February 9, 2012.

Johnson has had numerous difficulties adjusting to supervised release. He failed multiple drug tests between October 2012 and May 2013, prompting the Court to sentence Johnson to two months of house arrest.  On December 11, 2013, the United States Probation Office submitted a petition to the District Court seeking revocation of Johnson's supervised release. The petition alleged that Johnson had tested positive for marijuana on October 9, 2013, and subsequently refused to take a drug test on November 20, 2013.

---

[1] The District Court exercised jurisdiction under 18 U.S.C. §§ 3231 and 3583(e). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

At a hearing on January 9, 2014, Johnson admitted that he violated two conditions of his supervised release: (1) the prohibition against possession or use of non-prescription controlled substances; and (2) the requirement that he participate in a drug aftercare treatment program that included urine testing. The Court found the United States Sentencing Guidelines to establish a sentencing range of five to eleven months of imprisonment, which neither party challenged.

However, Johnson raised several arguments as to why he should not be subjected to an additional term of supervised release. First, he argued that further supervision was not going to solve his problems with marijuana. Second, Johnson claimed the supervision interfered with his ability to maintain employment. Third, he argued that any additional supervised release should be offset by the fifteen months of home confinement that he served prior to being sentenced on the firearm offense. Fourth, he asserted the District Court should have considered the fact that his initial sentence was too harsh. And, finally, Johnson argued that he simply had been under the Court's observation for too long.

The District Court responded to each argument. First, it dismissed the idea that the reasonableness of Johnson's initial sentence was subject to review.[2] Second, the Court noted that the Probation Office still thought they could help Johnson turn his life around and the Court agreed with that assessment. The Court

---

[2] This Court upheld the sentence on appeal in *United States v. Johnson*, 305 F. App'x 38 (3d Cir. 2008).

3

explained that additional supervised release was appropriate given Johnson's history of failed drug tests, including the test at the end of his presentence home confinement, as well as his history of turning to marijuana in times of stress. It then instructed Johnson that proving himself capable of meeting the terms of supervised release was the proper means of freeing himself from the Court's scrutiny. Finally, the District Court concluded that it considered all of the relevant 18 U.S.C. § 3553(a) factors, listened carefully to the parties, and still believed that supervised release would serve Johnson well.

This timely appeal followed.

## II.

Johnson alleges the District Court committed procedural error by not giving rational and meaningful consideration to the "non-punitive goals" of § 3553(a). We review the procedural reasonableness of a sentence for abuse of discretion, including sentences imposed upon revocation of supervised release. *Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Clark*, 726 F.3d 496, 500 (3d Cir. 2013). Given our standard of review, this Court does not have a "uniform threshold for determining whether a [district] court has supplied a sufficient explanation for its sentence." *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010) (internal quotation marks and citation omitted). Thus, the relevance of a given factor and the depth of a court's treatment of that factor necessary to be

4

legally sufficient differ from case to case. *Id.* *See also Rita v. United States*, 551 U.S. 338, 358 (2007) (holding that "the sentencing judge's statement of reasons was brief but legally sufficient"). Finally, the party seeking review of the sentence "has the burden of demonstrating unreasonableness." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

Johnson argues that the District Court's "rationale" for imposing an additional twelve months of supervised release emphasized the punitive goals of § 3553(a) "to the exclusion of the other goals contained therein." But Johnson fails to point this Court to a single § 3553(a) factor that was not considered by the District Court and, in any event, his argument is belied by the transcript of the proceeding, which demonstrates the Court's concern with Johnson's rehabilitation. Therefore, there is no reason to disturb the ruling of the District Court for procedural unreasonableness.

Johnson's second and final argument is that the additional supervised release is substantively unreasonable. In *Tomko*, we instructed that "if the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." 562 F.3d at 567-68. Our review of the record compels the conclusion that the imposition of an additional term of supervised

release was not substantively unreasonable. Therefore, we will affirm the judgment of the District Court.