NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4538
_____

UNITED STATES OF AMERICA

v.

JOHN RUNDLE,
Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Cr. No. 3-03-cr-00032-001)
District Judge: Honorable Edwin M. Kosik
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 11, 2014
_____

Before: RENDELL, GREENAWAY, JR., and SLOVITER, *Circuit Judges*.

(Opinion Filed:  October 3, 2014)

_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

John Rundle appeals his sentence following the revocation of his supervised release, arguing that the sentence was procedurally unreasonable because the District Court failed to give proper consideration to the relevant factors set forth in 18 U.S.C. § 3553(a), as required by 18 U.S.C. § 3583(e), and did not explain its variance above the advisory Guidelines range. Because the District Court committed procedural error in imposing its sentence, we will vacate the sentence and remand for re-sentencing.

## I. Facts and Procedural History

We write primarily for the benefit of the parties and recount only the facts essential to our discussion.

In May 2003, Rundle pled guilty to conspiracy to distribute and possess with intent to distribute more than 100 kilograms of marijuana and more than 500 grams of methamphetamine. The District Court sentenced Rundle in June 2008 to a term of imprisonment of 36 months, five years of supervised release, and a $100 assessment.

After he was released from prison, Rundle was arrested and detained on a warrant for violating the conditions of his supervised release in October 2013. A "dispositional report" was prepared by the probation office in advance of a hearing on the petition for revocation of supervised release. The report stated that Rundle was charged with Grade C violations, with a Criminal History Category I, and that pursuant to U.S.S.G. § 7B1.4(a), the appropriate Guidelines range was three to nine months of imprisonment.

A revocation of supervised release hearing occurred on November 14, 2013.

2

During the hearing, Rundle admitted to violating five conditions of supervised release, including unlawfully possessing and using a controlled substance; associating with known criminals; and failing to comply with reporting, drug treatment, and other requirements. The parties agreed on the applicable Guidelines range, as recommended by the dispositional report.

The District Court said:

> The disappointing thing about this case and Mr. Rundle is that the Court did give him consideration, as did the Government, and we exceeded that consideration because we recognized that there is intelligence associated with the Defendant and that his life could change for the better. It has in many personal ways changed for the better, you're very responsibly employed, you're now associating with a woman, which is very good for you, and I hope also very good for her, and you're discharging your responsibility as a father. Those are all pluses. Anybody who suffers from an addiction has to be given consideration if they slip, and you've slipped.
>
> By the same token, you were, along the lines, given opportunities to correct the condition that caused you to slip, but it didn't accomplish anything, and that's the only reason you're here today. Importantly is that you work and you follow orders in your job, and, apparently, you're doing a good job where you were employed. But you weren't following orders, as far as this Court's sentence or the behavior that was expected of you, when you were released from prison. You flaunted that authority. It makes it more difficult in a case like yours to impose a sentence.
>
> . . .
>
> So we have considered the statements of all the parties and the information contained in the violation petition and the dispositional report, and we find that the Defendant has violated the terms and conditions of his supervised release,

3

which he admits, and the term of supervised release is revoked. Further, the Court has determined that an upward departure is warranted.

And pursuant to the Sentencing Reform Act and in view of the considerations expressed in 18 U.S.C. 3553(a), which takes into account the departures, it is the Judgment of the Court that the Defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of 12 months.

App. 107-09.

The District Court did not make any findings as to the applicable advisory Guidelines range. The District Court also did not disclose the reason it imposed a sentence that was tantamount to a variance above the advisory Guidelines range.[1]

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291. We review the procedural reasonableness of a sentence following revocation of supervised release for abuse of discretion. *United States v. Doe*, 617 F.3d 766, 769 (3d Cir. 2010). However, because Rundle did not object at sentencing to the District Court's failure to calculate the Guidelines range, or to the District Court's failure to explicitly address the upward departure, we will review the procedural reasonableness of his sentence for plain error.

---

[1] Although the District Court termed the variance an "upward departure," it was actually an upward variance, since the District Court's decision was not based on a specific Guidelines departure provision, but rather was a discretionary change. *See United States v. Brown*, 578 F.3d 221, 225-226 (3d Cir. 2009).

*See* Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."); *United States v. Flores-Mejia*, 759 F.3d 253, 254-255 (3d Cir. 2014) (en banc). Under this standard, we consider whether: (1) there was an error; (2) the error was "plain"; (3) the error affects substantial rights – ordinarily, whether the error was prejudicial; and (4) the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (internal citations and quotations marks omitted).

In the revocation context, 18 U.S.C. § 3583(e) enumerates the relevant § 3553(a) factors that the district court must consider when resentencing the defendant. 18 U.S.C. § 3583(e). To satisfy the procedural requirements in imposing a sentence, "[a] sentencing court must (1) calculate the advisory Guidelines range, (2) formally rule on any departure motions and state how those rulings affect the advisory range, and (3) exercise its discretion pursuant to the factors set forth in § 3553(a)." *United States v. Clark*, 726 F.3d 496, 500 (3d Cir. 2013). While a district court "need not discuss and make findings as to each of the § 3553(a) factors," the district court must provide some statements that enable us to "understand the rationale by which [the] district court reache[d] a final sentence." *Id.* at 502 (alterations in original) (internal quotation marks omitted).

### III. Analysis

Rundle makes two claims of procedural error. He contends that the sentence imposed was procedurally unreasonable because the District Court (1) failed to follow the

5

proper three-step sentencing procedure, and (2) did not explain why it varied above the Guidelines range through meaningful consideration of the § 3553(a) factors. We begin by addressing Rundle's second claim because we believe it is the more problematic issue.

Rundle contends that the District Court failed to explain why it varied above the advisory Guidelines range and could have been more thorough in its discussion of the § 3553(a) factors. Section 3553(a) directs a sentencing court to consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public from recidivism, and provide the defendant with necessary training or medical care. 18 U.S.C. § 3553(a)(1), (2). Rundle argues that the District Court gave no meaningful consideration to the factors.

After careful review of the record, we conclude that the District Court gave meaningful consideration only to the first § 3553(a) factor regarding "the nature and circumstances of the offense and the history and characteristics of the defendant." *See id.* Here, the District Court did note that Rundle "flaunted [the Court's] authority," but otherwise limited its discussion to Rundle's addiction, employment status, and familial support. App. 108. In *Clark*, we vacated a sentence following revocation of supervised release where the district court "focused its § 3553(a) discussion on § 3553(a)(1)," but thereafter "merely enumerated the remaining § 3553(a) factors." *Clark*, 726 F.3d at 502-03. As in *Clark*, the District Court here gave short shrift to the remaining § 3553(a)

6

factors, leaving us unable to "determine, from the record before us, that the court reasonably applied those factors to the circumstance[s] of the case." *Id.* at 503 (internal quotation marks omitted).

For the same reasons, we are unable to review the reasonableness of a sentence that varies above the advisory Guidelines range. True, a court need not address every argument made at sentencing or every piece of evidence submitted, so long as the record is clear that it took into account the § 3553(a) factors. *United States v. Kulick*, 629 F.3d 165, 176 (3d Cir. 2010). However, the lack of a substantive discussion of the other factors and a failure to justify the upward variance is particularly harmful here given that the District Court did not calculate and state the applicable Guidelines range on the record.

With respect to his first claim of procedural error, Rundle is correct that the District Court never formally calculated the applicable Guidelines range. This is contrary to the three-step procedural requirement for imposing a sentence referenced above. *See Clark*, 726 F.3d at 500. Nonetheless, the court did note during the sentencing hearing that it had a copy of the violation petition and the dispositional report. During the hearing, the parties agreed on the Guidelines range, as recommended by the dispositional report. Moreover, in his presentation to the court, defense counsel requested that the court "impose the sentence at the low end of the guidelines." App. 98. On appeal, Rundle makes no claim that the court miscalculated the Guidelines range. In view of the parties' complete agreement in these matters, the District Court's failure to explicitly

7

calculate the Guidelines range was harmless error. *See United States v. Langford*, 516 F.3d 205, 215 (3d Cir. 2008) ("For the error to be harmless, it must be clear that the error did not affect the district court's selection of the sentence imposed."). Rundle's claim must fail.

Nonetheless, because the District Court did not give meaningful consideration to the § 3553(a) factors and did not explain why it varied above the recommended Guidelines range, we conclude that the District Court imposed a procedurally unreasonable sentence. *United States v. Friedman*, 658 F.3d 342, 360 (3d Cir. 2011) (a sentence is procedurally unreasonable when a district court fails to adequately explain the sentence imposed). We are left "unable to review the procedural . . . bases of the sentence[, which] is an error that is plain, that affects the substantial rights of the parties, and that could seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Fumo*, 655 F.3d 288, 309 (3d Cir. 2011) (internal quotation marks and citation omitted). We will require upon remand that the District Court expound upon its sentencing decision, specifically explaining the reasons for its variance and reflecting a meaningful consideration of the relevant § 3553(a) factors.

## IV. Conclusion

For the foregoing reasons, we will vacate the sentence of the District Court and remand for further proceedings consistent with this Opinion.

8