**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3830
_____


UNITED STATES OF AMERICA

v.

JOHN DOE,
                              Appellant


On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No.:  2-08-cr-00412-001)
District Judge:  Honorable Alan N. Bloch


Submitted under Third Circuit LAR 34.1(a)
On June 5, 2015


Before:  RENDELL, HARDIMAN, and VANASKIE, <u>Circuit Judges</u>

(Filed: August 11, 2015)
_____

O P I N I O N*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL**, <u>Circuit Judge</u>:

Appellant John Doe appeals from the District Court's revocation of his supervised release and imposition of a sentence of five years' imprisonment. Doe raises four issues on appeal: (1) whether the evidence was sufficient to justify the revocation of his supervised release; (2) whether the District Court improperly considered Doe's refusal to enter the Witness Security Program as a sentencing factor; (3) whether the District Court's sentence was procedurally unreasonable; and (4) whether the District Court's sentence was substantively unreasonable. We will affirm.

## I. Background

Doe was arrested on felony drug charges and ultimately sentenced to time served, along with ten years of supervised release. Shortly after Doe's first month of supervised release, Doe was arrested on state charges of aggravated assault, possession of a firearm by a convicted felon, possession of a firearm without a license, and simple assault. While the allegations were pending, Doe's probation officer petitioned the District Court for the revocation of Doe's release. Prior to Doe's revocation hearing, all the state charges relating to Doe's arrest were dismissed. Despite the charges being dismissed, the District Court found by a preponderance of the evidence that Doe committed the crimes alleged, thus violating the conditions of his release. The District Court sentenced Doe to five years in prison. Doe appeals.

2

## II. Analysis

### A. Sufficiency of Evidence

Doe contends that the District Court erred in finding that he violated his release.[1] Pursuant to 18 U.S.C. § 3583(e)(3), a district court may find that a defendant violated a condition of supervised release under the "preponderance of evidence standard." *United States v. Poellnitz*, 372 F.3d 562, 570 (3d Cir. 2004). "When the condition is that the defendant not commit a crime, there is no requirement of conviction or even indictment." *Id.* at 566.

Doe urges that because the state charges were dropped, the evidence was insufficient to find by a preponderance that he committed a crime. Doe likens his position to that of the defendant in *Poellnitz*, in which we vacated a district court's decision to revoke supervised release. 372 F.3d at 571-72. In *Poellnitz*, we resolved the narrow question of whether a defendant's "*nolo contendere* plea, without more, is sufficient to establish that he violated a condition of supervised release." *Id.* at 566.

*Poellnitz* does not support Doe's position because, in Doe's case, the District Court based its decision on evidence in the record, as opposed to relying solely on a plea. Here, the District Court considered the testimony of four witnesses, as well as eleven exhibits. The officer who authored Doe's police report corroborated the report in court. Doe admitted to being at the bar at the exact date and time at which the assault occurred. Doe admitted to engaging in a physical altercation with the victim while at the bar. Doe

---

[1] "The District Court's decision to revoke supervised release is reviewed for abuse of discretion." *United States v. Maloney*, 513 F.3d 350, 354 (3d Cir. 2008).

admitted to "getting the better of" the victim, indicating that Doe escalated the altercation. (App. 127.) Nevertheless, Doe contends that, because one of the government's witnesses could not recall some of the details of the incident, there was insufficient evidence that he committed the alleged crimes. However, given Doe's own admissions, in addition to the officer's corroboration of the police report,[2] and the preponderance of the evidence standard, the District Court did not abuse its discretion in finding that Doe violated the terms of his release.

### B. Witness Security Program

Doe urges that the District Court improperly considered his decision not to enter the Witness Security Program in its sentencing decision. Doe is mistaken. The District Court stated that Doe had the "right to make [the] decision[]" not to enter the Witness Security Program, but that his decision "led [Doe] back to the place where [he] knew [he was] at the greatest risk of again becoming involved in criminal activity." (App. 157.) The District Court then properly analyzed the sentencing factors, including the nature, circumstances, and seriousness of Doe's violation, Doe's criminal history and criminal characteristics, and the need for deterrence. We conclude that the District Court's reference to the Witness Security Program did not improperly affect its sentencing decision.

---

[2] Doe relies on *United States v. Cawthorne*, 226 F.3d 641, 2000 WL 1028980 (5th Cir. July 5, 2000) (unpublished table decision), a non-precedential, out-of-Circuit decision, but *Cawthorne* is distinguishable because, in that case, the entirety of the supporting evidence was a probation officer's testimony about the contents of an uncorroborated police report. *Id.* at *3.

4

C. Procedural Reasonableness

Doe urges that his sentence is procedurally unreasonable because the District Court failed to give meaningful consideration to the sentencing factors.[3] For a sentence to be procedurally reasonable, a district court must adhere to the following tripartite framework: (1) calculate the advisory Guidelines range; (2) formally rule on any departure motions and state how those rulings affect the advisory range; and (3) exercise its discretion pursuant to the sentencing factors set forth in § 3553(a). *United States v. Clark*, 726 F.3d 496, 500 (3d Cir. 2013). Doe contends only that the District Court erred by giving an improper "rote" enumeration of the § 3553(a) factors.

Doe's contention is not borne out by the record. The District Court provided a detailed analysis of the sentencing factors that substantiate the sentencing decision. We remind Doe that proper consideration of the § 3553(a) factors does not mean that a sentencing court must make findings as to each factor if the record otherwise makes clear that the court took the factors into account in sentencing. *United States v. Kononchuk*, 485 F.3d 199, 204 (3d Cir. 2007). Accordingly, we hold that the District Court engaged in rational and meaningful consideration of the § 3553(a) factors in arriving at its sentencing decision.

---

[3] Unpreserved claims of procedural unreasonableness are reviewed for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 259 (3d Cir. 2014). Doe urges that he preserved his claim; however, he objected only to the excessiveness of the sentence. Regardless, we would affirm under either a plain-error or abuse-of-discretion standard of review.

D. Substantive Reasonableness

Doe urges that his sentence was substantively unreasonable, as the District Court allegedly focused almost exclusively on the § 3553(a)(2)(A) factors, did not take into account his previous assistance to the government, and failed to consider his safety in prison due to his notoriety as an informant.[4]  We will affirm the District Court "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."  *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).  Our review of the substantive reasonableness of a sentence considers the totality of the circumstances.  *Id.* at 567.

In sentencing Doe, the District Court considered Doe's habitual breach of trust, the seriousness of the crimes he committed, and the District Court's previous leniency toward Doe.  Additionally, the District Court indicated its understanding of the safety risks to Doe and assured Doe that the Bureau of Prisons will account for those risks.  Given the totality of the circumstances, we cannot say that no reasonable sentencing court would have imposed the same sentence.  Therefore, the District Court did not abuse its discretion.

### III. Conclusion

Accordingly, we will affirm.

---

[4] We review preserved claims of substantive reasonableness for abuse of discretion. *United States v. Doe*, 617 F.3d 766, 769 (3d Cir. 2010).

6