NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3695
_____

UNITED STATES OF AMERICA

v.

PAUL A. MARONE,
                              Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D. C. Criminal No. 3-15-cr-00017-001)
District Judge: Honorable Kim R. Gibson

_____

Submitted under Third Circuit LAR 34.1(a)
on July 14, 2016

Before: SMITH, ROTH and RENDELL, Circuit Judges

(Opinion filed: September 23, 2016)

_____

OPINION[*]

_____

ROTH, Circuit Judge

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In October 2015, the District Court found that Paul A. Marone violated the terms of his supervised release and sentenced him to twenty-four months of imprisonment, followed by sixty months of supervised release. Marone appeals his sentence, contending that the District Court erred by considering the seriousness of the violations and failing to take account of mitigating factors that would have lessened his sentence. For the reasons stated below, we will affirm.

## I.

In 2011, in the United States District Court for the Western District of Michigan, Marone pleaded guilty to a single count of traveling with intent to engage in illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b). He was sentenced to thirty-six months of imprisonment, followed by four years of supervised release. In January 2015, Marone was released to supervision, and jurisdiction over his supervised release was transferred to the Western District of Pennsylvania. Among the terms of Marone's supervised release were prohibitions against contact with minors, possession of internet-capable mobile phones, and travel outside of the judicial district. In July 2015, during a search of his residence, Marone's probation officer found two internet-capable cellphones. Marone was consequently taken into custody for violating the conditions of his release. Forensic analysis of the phones revealed that Marone had been in contact with several underage girls since being released from prison. It also revealed that he had traveled outside the judicial district without the permission of the probation office or the court.

At his revocation hearing, Marone admitted to violating four conditions of his supervised release: (1) possession of unauthorized cellular phones; (2) failure to provide accurate information about electronic communication devices; (3) contact with minors; and (4) traveling outside of the district without permission. These violations, coupled with Marone's criminal history, resulted in an advisory guidelines range of three to nine months imprisonment.[1] However, the District Court found that the advisory guidelines range did not "reflect the egregiousness and seriousness of his violations." Finding that Marone was a danger to the community, the District Court sentenced him to twenty-four months of imprisonment, followed by sixty months of supervised release. Marone appeals, contending that his sentence is procedurally and substantively unreasonable.

## II.[2]

Marone contends that his sentence is procedurally unreasonable because the District Court erroneously considered the seriousness of his offense. He also asserts that the District Court procedurally erred by failing to consider mitigating factors, specifically his admission to the violations and his need for rehabilitation and vocational training as alternatives to a prolonged prison sentence. Marone also contends that his sentence of twenty-four months of imprisonment is substantively unreasonable because the advisory guidelines recommend a term of only three to nine months in prison.

---

[1] *See* U.S.S.G. § 7B1.4(a).

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *United States v. Carter*, 730 F.3d 187, 190 n.3 (3d Cir. 2013).

Because Marone failed to object to any purported procedural or substantive error in the District Court,[3] we review these challenges for plain error.[4] Under this standard, "[a] finding of plain error is warranted if: (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[5]

Under 18 U.S.C. § 3583(e), a district court must consider particular factors when determining whether to revoke or modify a defendant's supervised release.[6] Absent from these enumerated factors is 18 U.S.C. § 3553(a)(2)(A), which directs a sentencing court to consider the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." The District Court, without doing so explicitly, appears to have relied on § 3553(a)(2)(A), explaining that Marone's sentence "reflects the seriousness of [his] violations," and that it fell "outside the guideline range to reflect the egregiousness and seriousness of his violations." Marone contends that this was done in error.

---

[3] We recognize that Marone attempted to ask a question of the court at the end of his sentencing hearing, but there is nothing to suggest that this question amounted to an objection to the procedural or substantive reasonableness of his sentence. *See* 148A.
[4] *United States v. Fountain*, 792 F.3d 310, 318 (3d Cir. 2015).
[5] *United States v. Georgiou*, 777 F.3d 125,133 (3d Cir. 2015) (second alteration in original) (internal quotation marks omitted) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).
[6] *United States v. Clark*, 726 F.3d 496, 500 (3d Cir. 2013).

4

We find no error in the District Court's reliance on § 3553(a)(2)(A). A court is not prohibited from considering another pertinent factor simply because it is not listed as one of the enumerated factors a court must consider.[7]

We squarely addressed the question presented here in *United States v. Young*, holding that "a district court does not commit procedural error in taking into account [§ 3553(a)(2)(A)] factors when imposing a sentence for the violation of supervised release."[8] We found that the District Court in *Young*, after considering the necessary sentencing factors, was also permitted to base Young's sentence on the seriousness of his offense. The same is true here.

Marone argues that *Young* allows for the possibility of procedural error when a sentencing court "places undue weight on the seriousness of the violation or the need for the sentence to promote respect for the law and provide just punishment." We do not agree. Here, the District Court characterized Marone's repeated contact with minors and disregard for the conditions of his supervised release as serious violations which endangered the community. While emphasizing the seriousness of his violations, the District Court explained that the upward variance was warranted to deter Marone and protect the public. For these reasons, we conclude that the District Court did not err in considering the seriousness of the violations.

---

[7] *United States v. Young*, 634 F.3d 233, 238 (3d Cir. 2011).
[8] *Id.* at 239.

5

Next, Marone asserts that the District Court erred by failing to address mitigating factors, such as his admission to the violations and need for rehabilitation and vocational training.

The sentencing record "need not show that every argument advanced on behalf of the defendant was addressed. All that is required is that 'the record makes clear the court took the [pertinent] factors into account in sentencing.'"[9] The District Court stated that it had considered "the evidence and the comments presented [at the hearing]," and "the factors set forth in . . . Section 3553(a)" before explaining several significant factors that resulted in the upward variance. Had Marone objected to the District Court's alleged failure to consider his arguments, the District Court, if it chose to do so, could have addressed each argument in more detail.[10] Additionally, Marone's acceptance of responsibility is not a factor that courts are instructed to consider in the context of revocation of supervised release. We cannot say that the District Court's failure to explicitly address these arguments affected the outcome of the proceeding.

Lastly, because Marone also failed to timely object to the substantive reasonableness of his sentence, we review the District Court's order for plain error. The reasons given by the District Court adequately support a sentence above the advisory guidelines range. The District Court found that the objectives of deterrence and protection of the public were best served by imprisonment. We cannot say that "no

---

[9] *Id.* (alteration in original) (citations omitted) (quoting *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006)).

[10] *See United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc).

reasonable sentencing court would have imposed the same sentence on [Marone] for the reasons the district court provided."[11]  Therefore, his claim of substantive error also fails.

## IV.

For the reasons above, we will affirm the judgment of the District Court.

---

[11] *United States v. Doe*, 617 F.3d 766, 770 (3d Cir. 2010) (quoting *U.S. v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).