NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3735
_____

UNITED STATES OF AMERICA

v.

ALMAHDEE JEFFERSON,
a.k.a Marty,
Appellant

_____

Appeal from the United States District Court for
the District of New Jersey
No. 1-13-cr-00348-001
District Judge: Honorable Robert B. Kugler
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 19, 2018
_____

Before: GREENAWAY, JR., RESTREPO, and BIBAS, *Circuit Judges*

(Filed: September 24, 2018)

_____

OPINION[*]

_____

RESTREPO, *Circuit Judge*.

---

[*] This disposition is not an Opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Almahdee Jefferson appeals the sentence imposed after he pled guilty to violating two conditions of his supervised release. We will affirm.

**I**

Jefferson was a member of a multifaceted international theft organization that arranged and executed the export of stolen cars to various countries. He contributed to the criminal enterprise in several ways: stealing or carjacking the cars, driving the stolen cars from one location to another to avoid detection, and assisting in the sale of the cars. On May 17, 2013, Jefferson pled guilty to one count of conspiracy to transport stolen vehicles in violation of 18 U.S.C. § 371.

Over the course of the next several years, Jefferson provided assistance to the government. At his sentencing hearing on February 2, 2017, District Court Judge Robert B. Kugler determined that the Guidelines range for his offense was 110 to 137 months' imprisonment, but that the range was capped by a 60-month statutory maximum provided in 18 U.S.C. § 371. Jefferson had 20 criminal history points, establishing a criminal history category of IV. As a result of Jefferson's assistance to the government, Judge Kugler departed downward from the Guidelines range by 18 levels and imposed a time-served sentence of 5 months' and 4 days' imprisonment followed by a term of 36 months of supervised release.

Jefferson's term of supervised release began the day he was sentenced. By November of 2017, Jefferson's probation officer had documented seven violations of the conditions of his supervision. On March 21, 2017, Jefferson was arrested by local police and charged with conspiracy to commit car theft and theft of movable property. Jefferson

2

was arrested again on September 29, 2017 for eluding police. On October 12, 2017, Jefferson's probation officer petitioned the District Court to issue a summons for technical violations due to Jefferson's failure to truthfully answer questions regarding his employment, home detention requirements, and contact with police. The probation officer amended the petition on November 29, 2017 to include Jefferson's violation for failing to make required restitution payments.

At his violation hearing before Judge Kugler, Jefferson pled guilty to two technical violations of his supervised release: failure to truthfully answer questions posed by his probation officer and failing to comply with the conditions of his location monitoring.[1] Judge Kugler accepted the plea and turned immediately to sentencing. Jefferson acknowledged that Application Note 4 of section 7(b)1.4 of the Guidelines supported imposing a sentence above the Guidelines range because he had originally received a downward departure. Judge Kugler, after recognizing that the advisory Guidelines range was 8 to 14 months, sentenced Jefferson to 24 months. In so doing, the Judge considered Jefferson's prior criminal record, the nature of his violations, as well as his failure to complete any term of community supervision. Judge Kugler found that Jefferson's behavior demonstrated a need for specific and general deterrence because he continued to violate the norms of society.

---

[1] Both violations were Grade C violations, punishable by a term of imprisonment up to 24 months in prison. *See* 18 U.S.C. § 3583(e)(3).

## II

On appeal, Jefferson asks us to find that the District Court's sentence of 24 months of imprisonment was substantively unreasonable. Specifically, he posits that the Court did not consider mitigating factors and placed undue emphasis on his criminal history and the leniency he received at his original sentencing. We disagree and will affirm the sentence imposed.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction on appeal under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). We will affirm a procedurally sound sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Thus, we are highly deferential when we review for reasonableness and consider "whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors." *United States v. Clark*, 726 F.3d 496, 500 (3d Cir. 2013) (quoting *United States v. Doe*, 617 F.3d 766, 770 (3d Cir. 2010)).

When a district court imposes a revocation sentence, its primary consideration must be "the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." *United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006) (quoting U.S.S.G. ch.7, pt. A, introductory cmt.). If, as here, an upward departure is imposed, the court "simply must

4

state on the record its *general* reasons under [the sentencing factors enumerated in] section 3553(a) for rejecting the Chapter 7 policy statements [of the sentencing Guidelines] and for imposing a more stringent sentence." *United States v. Blackston*, 940 F.2d 877, 894 (3d Cir. 1991).

Here, Jefferson acknowledges that the comment accompanying section 7B1.4 of the Guidelines allows for a court to impose an upward departure sentence if an original sentence was the result of a downward departure.[2] The Court enunciated its reasons for the upward departure at sentencing, stating that Jefferson's violation of lying to his probation officer constituted "an extremely serious crime," that he had "never . . . successfully completed a term of community supervision" over the course of his extensive criminal history, and that he posed a threat to his community because he "continues to violate the norms of society." App. 44-45. We find that the Court properly considered the relevant factors and exercised its discretion in imposing Jefferson's sentence.

Jefferson asserts that, while an upward departure from the Guidelines range was warranted, his sentence was unreasonable because the Court devalued mitigating factors, such as his familial obligations, while placing undue emphasis on his prior criminal history and original sentence. We disagree. The Court explicitly recognized Jefferson's personal circumstances when imposing the sentence, concluding that his ongoing criminal conduct, despite being given a "tremendous break in the initial sentence,"

---

[2] Application Note 4 to U.S.S.G. § 7B1.4 provides "[w]here the original sentence was the result of a downward departure . . . an upward departure may be warranted."

5

contributed to his family's hardship. App. 44. That the Court did not view the purported mitigating factors through the lens posited by Jefferson does not render his sentence unreasonable. *United States v. Lessner*, 498 F.3d 185, 204-05 (3d Cir. 2007); *United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007).

## III

Because the Court reasonably applied the sentencing factors and acted within its discretion in imposing Jefferson's sentence, the judgment of sentence will be affirmed.