**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2932
_____

UNITED STATES OF AMERICA

v.

DAVID RAMSEY,

Appellant
_____

On Appeal from the District Court
for the Middle District of Pennsylvania
(D.C. No. 1-12-cr-00310-003)
District Judge: Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
June 18, 2019
_____


Before: AMBRO, RESTREPO, and FISHER, *Circuit Judges*.

(Filed July 19, 2019)

_____

OPINION[*]
_____


_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RESTREPO**, *Circuit Judge*.

David Joseph Ramsey, Jr., was convicted and sentenced in 2014 for possession with intent to distribute illegal drugs. Ramsey began supervised release in October 2016. Subsequently, York County Police charged Ramsey with strangulation and harassment of his then-girlfriend in August of 2018.

U.S. Marshals arrested Ramsey for violating the terms of his supervised release. Following a revocation hearing, he was found guilty by the District Court and was sentenced to 36 months of incarceration. Ramsey filed an appeal and was appointed counsel. His counsel has now filed a motion to withdraw her representation pursuant to Local Appellate Rule ("L.A.R.") 109.2(a). Ramsey has not filed a *pro se* brief in response. For the reasons that follow, we will grant counsel's motion and affirm the proceedings below.

**I.**

Because we write primarily for the parties who are familiar with this case, we only detail the facts necessary for this appeal. While on release, Ramsey engaged in violent conduct towards his girlfriend, Kayla Firmin. Since the beginning of their relationship in 2017, violent outbursts occurred frequently. Ramsey choked Firmin on multiple occasions, often leaving her in an unconscious or nearly unconscious state. This behavior peaked on the evening of July 26, 2018, when Ramsey grabbed Firmin, threw her up against a wall, and choked her until she nearly lost consciousness. After Ramsey threatened further violence the following morning, Firmin hid in her car and contacted

the York Police Department, detailing the incident and the previous domestic abuse for the first time.

Based on evidence at the house and Firmin's statements, police issued an arrest warrant for Ramsey on July 30. State authorities arrested Ramsey on August 12, and charged him with state crimes of strangulation and harassment. On August 14, two days after the state charges were filed, U.S. Marshals arrested Ramsey for violation of the terms of his supervised release.

At the revocation proceeding on August 16, 2018, the District Court heard testimony from Firmin, a York County police officer, and Ramsey's probation officer supporting the Government's charges. The Court also heard testimony from Ramsey and his nephew challenging Firmin's testimony. Following this testimony, the Court found that there was sufficient evidence to support the strangulation charge against Ramsey, a Grade A violation of his release conditions. The Court, after considering the factors listed in 18 U.S.C. § 3553(a), sentenced him to 36 months of incarceration.

After the revocation of his supervised release, Ramsey appealed. His appointed counsel then filed a motion to withdraw her representation pursuant to L.A.R. 109.2(a), along with an *Anders* brief arguing that the appeal was frivolous. *See United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001); *see also Anders v. California*, 386 U.S. 738 (1967). The Government agrees that Ramsey's appeal is frivolous. Ramsey did not file a *pro se* brief in response to this motion.

## II.

In appeals that involve an *Anders* brief, we apply plenary review to determine whether there are any nonfrivolous issues on appeal. *Simon v. Gov't of the Virgin Islands*, 679 F.3d 109, 114 (3d Cir. 2012), *as amended* (May 16, 2012).

## III.

There are two considerations in our review: (1) whether counsel adequately fulfilled the requirements of L.A.R. 109.2(a), and (2) whether an independent review of the record reveals any nonfrivolous issues. *Youla*, 241 F.3d at 300 (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)). "If the panel agrees that the appeal is without merit, it will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." 3d Cir. L.A.R. 109.2(a).

## A.

The first prong of the *Anders* analysis is satisfied if counsel "has thoroughly examined the record in search of appealable issues" and "explain[ed] why the issues are frivolous." *Youla*, 241 F.3d at 300 (citing *Marvin*, 211 F.3d at 780). Counsel for Ramsey adequately does so in this case, thoroughly examining the frivolity of an appeal based on (1) jurisdictional and due process issues, (2) factual determinations of the judge at the revocation proceeding, and (3) possible sentencing errors.

### i.

Regarding due process concerns, counsel explains that Ramsey was given sufficient notice of the alleged violation, that the revocation hearing was held within a reasonable amount of time (15 days), and that Ramsey was represented by counsel and

given the opportunity to speak on his own behalf during the proceeding—all of which satisfy the necessary standards. *See Black v. Romano*, 471 U.S. 606, 612 (1985); *Gagnon v. Scarpelli*, 411 U.S. 778, 786–90 (1973). The *Anders* brief is therefore adequate on this point. *See Youla*, 241 F.3d at 300.

### ii.

To address an appeal of the District Court's factual finding that Ramsey was guilty of a violation, his counsel relies on *United States v. Poellnitz*, 372 F.3d 562 (3d Cir. 2004), which held that it is not necessary that the probationer be adjudged guilty of a crime to revoke probation, "but only that the court be reasonably satisfied that he has violated one of the conditions." *Id.* at 566 (citing *United States v. Manuszak*, 532 F.3d 311, 317 (3d Cir. 1976)). The language of 18 U.S.C. § 3583(e)(3) requires that the defendant is found to have violated a condition of supervised release only by a preponderance of the evidence. *Id.* By ably applying these rules to the significant factual testimony provided by the Government in support of revoking Ramsey's supervised release, the *Anders* brief adequately reasons why there are no nonfrivolous issues to appeal. *See Youla*, 241 F.3d at 300.

### iii.

Regarding Ramsey's revocation sentence, his counsel points to *United States v. Clark*, 726 F.3d 496 (3d Cir. 2013), which held that a post-revocation sentence must involve "meaningful consideration" of the 18 U.S.C. § 3553(a) factors, and those factors made relevant to post-revocation sentencing by 18 U.S.C. § 3583(e) and (h). *Id.* at 502. Ultimately, we affirm the sentencing court "unless no reasonable sentencing court would

have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* at 500 (quoting *United States v. Doe*, 617 F.3d 766, 770 (3d. Cir. 2010)). As counsel for Ramsey ably highlights in her *Anders* brief, the District Court sufficiently used the § 3553(a) factors, especially by using the history and characteristics of Ramsey. By noting this consideration, along with the District Court's imposition of a sentence within the recommended guidelines range, the *Anders* brief is adequate on this point. *See Youla*, 241 F.3d at 300.

## B.

Turning to the second prong of the *Anders* analysis, we undertake an independent review of the record for nonfrivolous issues. *Id.* at 300; *see also Anders*, 386 U.S. at 744. We are not required to conduct a complete scouring of the record when the *Anders* brief appears adequate; the appellate court is instead guided in reviewing the record by the brief itself. *Youla*, 241 F.3d at 301 (citing *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996)). An independent review of the record is more difficult without a *pro se* brief from Ramsey. In *Youla*, where the Court rejected the *Anders* brief filed by counsel, the defendant had filed a twenty-six page brief in response to the motion by his counsel. *Youla*, 241 F.3d at 301.

After review, we find no unaddressed nonfrivolous issues not raised by counsel in their *Anders* brief.

## IV.

In sum, the record presents no nonfrivolous issue to appeal. We therefore grant counsel's *Anders* motion to withdraw and affirm the judgment of the District Court.