**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1745

_____

UNITED STATES OF AMERICA

v.

ROBERT DOWLING,
                                Appellant

_____

On Appeal from the District Court
of the Virgin Islands, Division of St. Croix
(D.C. No. 1-05-cr-00031-001)
District Judge: Honorable Wilma A. Lewis
_____

Submitted Pursuant to LAR 34.1(a)
December 13, 2019

Before: SMITH, *Chief Judge*, McKEE, and SHWARTZ, *Circuit Judges*

(Opinion filed: September 22, 2020)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*

Robert Dowling appeals the sentence imposed following revocation of his supervised release. He claims the sentence of an additional year of incarceration and especially the five years of supervised release is unduly punitive. However, as we cannot substitute our judgment for the district court's, we must affirm.

Dowling claims the sentence that was imposed upon the revocation was both procedurally and substantively erroneous. Our review of both claims is for an abuse of discretion. This is a "highly deferential" review[1] and a defendant alleging "substantive unreasonableness carries a heavy burden."[2] Dowling is not alleging that the district court failed to consider the § 3553(a) factors. Rather, he claims the court did not apply them properly.[3] Specifically, Dowling claims the district court did not factor in Dowling's age or his overall conduct since release from incarceration, including his compliance with all other terms of his release.[4]

We must affirm the district court unless "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[5] Given its consideration of the 3553(a) factors and the district court's focus on Dowling's history and general deterrence, we cannot conclude that no reasonable court could have imposed this sentence.

---

[1] *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007).
[2] *United States v. Clarke*, 726 F.3d 496, 500 (3d Cir. 2013).
[3] Appellant Br. at 22.
[4] *Id.*
[5] *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

We appreciate Dowling's argument that supervised release is intended to facilitate rehabilitation and transition from prison back to the community; not to inflict additional punishment.[6] We therefore understand his concern that the court appeared to focus on punishment and Dowling's need to reflect on his actions.[7] Moreover, we note that the U.S. Sentencing Commission has found that the likelihood of recidivism decreases over time.

However, it is not for us to substitute our judgment for that of the district court. The district court did not commit procedural error in imposing this sentence, and Dowling's claim is not to the contrary. Since we find no substantive error, we will affirm the judgment of sentence that the court imposed.

---

[6] *See United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration.").

[7] App. at 86–91. This is especially concerning considering technical violations, like failing a drug test, are a major contributor to revocation. *See* U.S. SENTENCING COMM'N, FEDERAL OFFENDERS SENTENCED TO SUPERVISED RELEASE 68 (2010). Rearrest rates for recidivism (including technical violations) decrease over time with 16.6% of offenders in the Sentencing Commissions study facing their first rearrest within one year and only 3.7% after five years. *See* U.S. SENTENCING COMM'N, RECIDIVISM AMONG FEDERAL OFFENDERS: A COMPREHENSIVE OVERVIEW 16 (2016).