**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3462
_____

UNITED STATES OF AMERICA

v.

JUSTIN J. CLARK,
a/k/a HECTOR,

Justin J. Clark,
           Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 2:05-cr-00099-001)
District Judge:  Hon. Alan N. Bloch
Submitted Pursuant to Third Circuit LAR 34.1(a)
May 16, 2013

Before:  SMITH, FISHER, and CHAGARES, <u>Circuit Judges</u>.

(Filed: August 13, 2013)
_____

OPINION
_____

Karen Sirianni Gerlach, Esq.
Lisa B. Freeland, Esq.
Office of Federal Public Defender
1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, PA 15222
        Counsel for Appellant

David J. Hickton, Esq.
Donovan Cocas, Esq.
Rebecca R. Haywood, Esq.
Office of United States Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
        Counsel for Appellee

CHAGARES, <u>Circuit Judge</u>.

Justin Clark violated the conditions of his supervised release. At his revocation hearing, the District Court revoked Clark's release and imposed a new term of imprisonment followed by another term of supervised release. On appeal, Clark challenges only the new term of supervised release, arguing that its imposition was procedurally unreasonable and that the procedural defects rendered the sentence substantively unreasonable as well.

The statute that governs imposition and revocation of supervised release directs the sentencing court to consider factors enumerated in 18 U.S.C. § 3553(a). <u>See</u> 18 U.S.C. §§ 3583(c), 3583(e). Clark's appeal presents a question of first impression for this Court: whether a district court must

2

conduct one § 3553(a) analysis for post-revocation incarceration and another § 3553(a) analysis for a new term of supervised release. We hold that it need not. A district court may provide a single analysis that reflects meaningful consideration of the relevant § 3553(a) factors to support each portion of a revocation sentence.

Though we reject Clark's contention that a district court imposing a post-revocation term of supervised release must conduct a second § 3553(a) analysis, we nonetheless hold that the sentence imposed was procedurally unreasonable. The record before us does not reflect meaningful consideration of the relevant § 3553(a) factors. We will therefore vacate and remand the District Court's judgment of sentence.

I.

Clark pled guilty to one count of possession with intent to distribute a substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). In 2006, he was sentenced to 120 months of imprisonment followed by five years of supervised release. Clark later moved for a reduction of sentence pursuant to 18 U.S.C. § 3582. The District Court granted the motion and reduced Clark's sentence to 100 months of imprisonment. The Government later moved for another reduction pursuant to Federal Rule of Criminal Procedure 35(b). The District Court granted that motion as well and reduced Clark's sentence to time served. Clark began his five-year term of supervised release in November 2009.

During his term of supervised release, Clark agreed to two modifications to the conditions of his release — to participate in mental health and anger management counseling and to be subject to electronic monitoring. On July 24, 2012, Clark's probation officer filed a Petition on Supervised Release, alleging that Clark had left the judicial district without the permission of the court or his probation officer in violation of the conditions of his release. The petition reported that Clark was a passenger in a vehicle that had been pulled over in Iowa and that Clark "was found to be in possession of $20,000 cash." Appendix ("App.") 32.

Clark admitted to the violation. At his revocation hearing, where he faced an advisory United States Sentencing Guidelines ("Guidelines") range of 7 to 13 months of imprisonment, Clark requested house arrest instead of a new term of incarceration and emphasized that he had not been arrested or charged with any crime in connection with the incident in Iowa. The Government sought revocation and asked the District Court to impose 13 months of incarceration, the top of the advisory Guidelines range. The Government also represented that two separate amounts of money were found in the car — $10,000 and $20,000.

The District Court observed that the amount of money recovered from the car in Iowa was "questionable," even though Clark was not charged with any crime, and detailed other misconduct that occurred during Clark's supervised release including three traffic citations, failure to make payments on fines arising from those citations, failure to make payments on a bank loan, and a drug test that indicated the presence of marijuana. App. 52-53. The court concluded that Clark's "overall conduct has demonstrated a general

4

pattern of noncompliance with supervision and has indicated that a term of imprisonment is necessary pursuant to Title 18 of the United States Code, Section 3553(a)." App. 53. The court then revoked Clark's supervised release and sentenced him to 13 months of imprisonment followed by a 47-month term of supervised release. The hearing concluded with additional discussion of the relevant § 3553(a) factors:

> After considering the sentences available, the advisory guideline range, and the factors set forth in . . . Section 3553, the Court finds that this sentence is consistent with the nature, circumstances, and seriousness of the defendant's violations and his history, characteristics, educational, vocational and corrective needs, as well as the need for just, non-disparate punishment, deterrence, and protection of the public. . . . We adjourn.

App. 55. Defense counsel immediately objected to the imposition of 47 months of supervised release as unsupported by the record and unreasonable based on the facts of the case. The District Court did not address the objection on the record.

Clark filed this timely appeal, arguing that the imposition of 47 months of supervised release for his revocation violation was procedurally and substantively unreasonable.

5

II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction over Clark's appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).

Clark challenges the imposition of a 47-month term of supervised release for the revocation violation and contends that the District Court committed procedural and substantive error by failing to apply separately the § 3553(a) factors when imposing the new term of supervised release. We review the procedural and substantive reasonableness of a revocation sentence for abuse of discretion. United States v. Doe, 617 F.3d 766, 769 (3d Cir. 2010). When considering a procedural challenge to a revocation sentencing hearing, we ask whether the district court has given "rational and meaningful consideration to the relevant § 3553(a) factors." Id. (quotation marks omitted). If we conclude that the sentence was procedurally sound, our inquiry shifts to substantive reasonableness. To address a defendant's contention that the sentence imposed was substantively unreasonable, we ask *"whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors."* Id. at 770 (quotation marks omitted). A defendant who alleges substantive unreasonableness carries a heavy burden; "we will affirm the sentencing court 'unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.'" Id. (quoting United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc)).

III.

6

## A.

Clark asserts that procedural error arose from the District Court's failure to adhere to the familiar three-step sentencing process. A sentencing court must (1) calculate the advisory Guidelines range, (2) formally rule on any departure motions and state how those rulings affect the advisory range, and (3) exercise its discretion pursuant to the factors set forth in § 3553(a). United States v. Lofink, 564 F.3d 232, 237-38 (3d Cir. 2009). In a revocation hearing, however, the court must also adhere to the statutory requirements set forth in 18 U.S.C. § 3583. See Doe, 617 F.3d at 771-72; United States v. Bungar, 478 F.3d 540, 543-44 (3d Cir. 2007).

Section 3583 controls post-conviction and post-revocation supervised release. When imposing a defendant's initial term of imprisonment, a district court may, after considering certain factors set forth in § 3553(a), include a term of supervised release. 18 U.S.C. §§ 3583(a), 3583(c). A defendant serving a term of supervised release must adhere to certain conditions, both mandatory and discretionary. See id. § 3583(d). If the defendant violates those conditions, the court may, after considering the same § 3553(a) factors relevant to the initial term of supervised release, revoke or modify the defendant's supervised release. 18 U.S.C. § 3583(e). Even though § 3583(e) omits some of the § 3553(a) factors, such as 18 U.S.C. § 3553(a)(2)(A) (directing the court to consider the seriousness of the offense), consideration of those omitted factors is not prohibited. United States v. Young, 634 F.3d 233, 240-41 (3d Cir. 2011).

If the court revokes supervised release and sentences the defendant to a new term of imprisonment, it may include a new term of supervised release as well. 18 U.S.C. §

7

3583(h) ("subsection (h)").  Though subsection (h) does not specify a procedure for reimposition of supervised release, we hold that sentencing courts are to consider those § 3553(a) factors listed in 18 U.S.C. § 3583(c), the provision governing imposition of the initial term of supervised release.  See United States v. Santiago-Rivera, 594 F.3d 82, 84 (1st Cir. 2010) ("As subsection (h) does not list the factors to be considered in imposing a term of supervised release as part of a revocation sentence, it is a reasonable inference that the factors are the same as those to be considered in imposing an initial term of supervised release.").

We turn now to the issue of whether the District Court was obligated to conduct two § 3553(a) analyses:  one with respect to Clark's 13-month term of imprisonment and one with respect to Clark's 47-month term of supervised release.  The Court of Appeals for the Tenth Circuit has considered this question and held that a district court did not err when it conducted a single § 3553(a) analysis for both portions of a defendant's post-revocation sentence.  United States v. Penn, 601 F.3d 1007, 1011-12 (10th Cir. 2010).  In Penn, the sentencing judge had discussed several of the § 3553(a) factors and "stated his reasons for imposing both reimprisonment and supervised release."  Id. at 1012.  The defendant challenged the imposition of supervised release as part of the revocation sentence, arguing that the district court erroneously failed to discuss the § 3553(a) factors as they related to the new term of supervised release.  Id. at 1011. The court rejected the challenge and declined to require a separate § 3553(a) discussion when imposing supervised release.  "Because we do not require ritualistic incantations of these factors," the court reasoned, "and because the district court explained his consideration of the defendant's

8

characteristics, protecting the public, and the appropriate statutes and guidelines, we conclude the district court adequately considered the relevant factors and therefore committed no error, and certainly no plain error." Id. at 1012.

Though this Court has not previously ruled on the question raised by Clark's appeal, our jurisprudence regarding the required procedure for post-conviction sentencing is instructive. District courts must exercise their discretion to vary above or below the advisory Guidelines range by considering the relevant § 3553(a) factors. Lofink, 564 F.3d at 238. But we have never required that a district court conduct two § 3553(a) analyses, one related to the term of imprisonment and a second related to the term of supervised release. See United States v. Joline, 662 F.3d 657, 660 (3d Cir. 2011) (explaining that, when imposing a sentence that includes supervised release, a sentencing court must simply "furnish an explanation of the sentence . . . sufficient for the reviewing court to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)" (quotation marks omitted)); see also United States v. Zobel, 696 F.3d 558, 572 (6th Cir. 2012) (holding that "a district court's consideration of the § 3553(a) factors sufficient to justify a term of incarceration as procedurally reasonable can also demonstrate that the imposition of special conditions [of supervised release] is procedurally reasonable"); United States v. O'Georgia, 569 F.3d 281, 289 (6th Cir. 2009) (observing that "repetition" of the court's § 3553(a) analysis "would serve no useful purpose in the ordinary case").

More broadly, we value formality in sentencing to the extent that it promotes the goals of procedural uniformity,

meaningful review, and substantive fairness. See United States v. Fumo, 655 F.3d 288, 318 (3d Cir. 2011) (explaining that both the form and the substance of sentencing are "of high importance . . . to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way" (quotation marks omitted)); United States v. Ausburn, 502 F.3d 313, 328-29 (3d Cir. 2007) (requiring a record sufficient for review, not a "rote statement of the § 3553(a) factors" (quotation marks omitted)). We ultimately review a sentence for reasonableness and ask "whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc). For instance, a district court need not "discuss and make findings as to each of the § 3553(a) factors" so long as the record makes clear that the court has taken them into account. United States v. Kulick, 629 F.3d 165, 176 (3d Cir. 2010) (quotation marks omitted); see also Lofink, 564 F.3d at 238 n.13; Tomko, 562 F.3d at 568. The relevant inquiry is whether the District Court gave "meaningful consideration to the relevant § 3553(a) factors," United States v. Wise, 515 F.3d 207, 216 (3d Cir. 2008) (quotation marks omitted), such that, on review, we may understand the "rationale by which [the] district court reache[d] a final sentence," Grier, 475 F.3d at 572.

Clark invites this Court to require additional procedure when a post-revocation sentence includes a new term of supervised release. Because these added layers of formality would not necessarily further any substantive end, we decline to add additional procedural requirements. We therefore hold that, when imposing a post-revocation sentence, a district court must conduct a § 3553(a) analysis that gives meaningful

10

consideration to the relevant factors, including those factors made relevant to post-revocation sentencing by 18 U.S.C. § 3583(e) and (h). While a sentencing court may wish to divide its analysis by discussing the § 3553(a) factors in the context of incarceration and again in the context of supervised release, such separation is not required. In many cases, such a division would be unnecessarily redundant. A full discussion of relevant factors, which include the nature of the offense, the defendant's history, the need for deterrence, and the need to protect the public, will likely include analysis that supports the punitive purposes of post-revocation incarceration, see Bungar, 478 F.3d at 544 (explaining that post-revocation imprisonment is imposed "primarily to sanction the defendant's breach of trust"), as well as the rehabilitative purposes of supervised release, see United States v. Murray, 692 F.3d 273, 280 (3d Cir. 2012) (explaining that "the primary purpose of supervised release is to facilitate the reentry of offenders into their communities, rather than to inflict punishment").

B.

We now evaluate the procedure followed at Clark's revocation hearing in light of the foregoing standards. In particular, we ask whether the District Court's § 3553(a) discussion indicated meaningful consideration of those factors that would support post-revocation incarceration and supervised release.

The District Court focused its § 3553(a) discussion on § 3553(a)(1), which directs the court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The court first addressed

11

the nature of Clark's offense that led to revocation and considered Clark's history — his "general pattern of noncompliance with supervision." App. 53. After a full discussion of the first relevant factor, however, the court merely enumerated the remaining § 3553(a) factors relevant to a revocation sentence, stating that the sentence imposed "is consistent with . . . the defendant's . . . educational, vocational and corrective needs as well as the need for just, non-disparate punishment, deterrence, and protection of the public." App. 55. This rote recitation of the relevant factors, see Ausburn, 502 F.3d at 328-29, cannot support a conclusion that "the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)," Grier, 475 F.3d at 571 (quotation marks omitted). Nor can we determine, from the record before us, that the court "reasonably applied those factors to the circumstance of the case." Bungar, 478 F.3d at 540.

When the record does not evidence "rational and meaningful consideration [of] the relevant § 3553(a) factors," Doe, 617 F.3d at 769 (quotation marks omitted), we are bound to conclude that the sentence imposed was procedurally unreasonable, and we do so here. Because we will vacate and remand on this basis, we need not address Clark's contention that his sentence was substantively unreasonable as well.

IV.

For the foregoing reasons, we will vacate the District Court's judgment of sentence and will remand for proceedings in accordance with this opinion.

12