NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1269
_____

UNITED STATES OF AMERICA

v.

DEBORAH PEATE,
                              Appellant


On Appeal from the United States District Court
for the District of New Jersey
District Court No. 07-cr-00185-001
District Judge: Hon. Dennis M. Cavanaugh

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 18, 2014


Before:  SMITH, HARDIMAN and BARRY, Circuit Judges

(Filed: December 10, 2014)
_____

OPINION*
_____

SMITH, Circuit Judge

    On September 9, 2005, Deborah Peate pleaded guilty in the United States

District Court for the Eastern District of Pennsylvania to a one-count indictment

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

charging her with bank fraud in violation of 18 U.S.C. § 1344 (the 2005 Conviction). On June 1, 2006, the District Court granted Peate a substantial downward variance, sentencing her to, *inter alia*, one day of imprisonment and five years of supervised release.

Peate's supervision on the 2005 Conviction was transferred in March of 2007 to the United States District Court for the District of New Jersey. On April 1, 2008, a sealed criminal complaint was filed against Peate in the District Court of New Jersey. Within days Peate's probation officer filed a petition for violation of supervised release on the 2005 Conviction, citing, *inter alia*, the charges in the sealed criminal complaint.

On January 26, 2010, Peate appeared in the District Court, waived her right to an indictment, and pleaded guilty to a two-count information (the 2010 Conviction). The information charged Peate with conspiring to commit both wire and bank fraud in violation of 18 U.S.C. §§ 1343, 1344, and 1349. At this same hearing, the District Court also accepted Peate's guilty plea to violation #1 in the petition for violation of supervised release on the 2005 Conviction, which alleged that she committed another crime, *i.e.*, the 2010 Conviction, while on supervised release. Sentencing for the violation of supervised release was deferred at that time.

Eventually, the District Court conducted a sentencing hearing on both the 2010 Conviction and the violation of supervised release on the 2005 Conviction. After acknowledging that the guidelines were only advisory, the District Court noted that Peate's offense level of 26 and criminal history category of III yielded a guideline range of 78 to 97 months for the 2010 Conviction. It rejected Peate's motion for a downward departure based on her physical ailments, but granted the government's motion under U.S.S.G. § 5K1.1 for a substantial assistance departure. As a result, the Court adjusted Peate's offense level from 26 to 17, yielding a revised guideline range of 30 to 37 months. After hearing arguments from counsel for the parties, Peate personally addressed the Court, "asking for leniency." App. at 70. The Court commented on Peate's efforts to try to "get her life straightened out." *Id.* at 72. Nonetheless, it noted the seriousness of her conduct which cost people millions of dollars and expressed concern about deterring further criminal conduct and protecting the public. The Court sentenced Peate to 32 months of imprisonment and a five-year term of supervised release.

The Court then turned to sentencing for the violation of supervised release. It initially noted that Peate's guideline range was 18 to 24 months and that the guidelines policy statement provides that any sentence imposed upon revocation of supervised release should "be ordered to be served consecutively" to any other sentence. *See* U.S.S.G. § 7B1.3(f). Defense counsel reminded the Court that the

3

guidelines were only advisory and asked for a sentence that was concurrent or partially concurrent with the 32 month sentence that had just been imposed on the 2010 Conviction. The government highlighted that Peate's violation of supervised release was not simply a technical violation and asserted that this was the type of scenario in which a consecutive sentence should be imposed.

The District Court agreed that a consecutive sentence was warranted and stated that it had "no reason to deviate from that." App. at 78. Peate, who was still recovering from a broken hip, inquired if she could complete her current rehabilitation plan, which was at least six months in duration. The Court decided to allow Peate to surrender after her rehabilitation was complete. Despite further argument from both parties, the Court found that Peate had violated the terms of supervised release, revoked her supervised release, and imposed a sentence at the bottom of the guideline range of 18 months, to be served consecutive to the 32 month sentence on the 2010 Conviction.

This timely appeal followed.[1] Peate challenges only the consecutive 18 month sentence. According to Peate, the District Court's sentence is procedurally unreasonable because the Court failed to meaningfully consider the sentencing factors in 18 U.S.C. § 3553(a). In her view, the District Court "considered only" the policy statement in U.S.S.G. § 7B1.3(f) directing a court to impose a

---

[1] The District Court exercised jurisdiction under 18 U.S.C. §§ 3231 and 3583(e). We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

4

consecutive sentence upon revocation to any other sentence a defendant is serving. Appellant's Br. at 7. *See United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010) (reiterating that the third step in the sentencing process requires the sentencing court to exercise its discretion by giving "meaningful consideration to the § 3553(a) factors" (internal citation and quotation marks omitted)).

We review the procedural reasonableness of a sentence imposed upon revocation of a term of supervised release for an abuse of discretion. *United States v. Clark*, 726 F.3d 496, 500 (3d Cir. 2013). Peate's argument is belied by the sentencing transcript. It reveals that the District Court meaningfully considered the sentencing factors in 18 U.S.C. § 3553(a) in imposing a sentence on the 2010 Conviction and then turned to sentencing for the supervised release violation on the 2005 Conviction. Furthermore, after concluding that a consecutive sentence was warranted, the District Court considered additional argument regarding Peate's health, her family circumstances, her efforts to rehabilitate herself, and the unlikelihood that she would recidivate. Accordingly, we reject Peate's contention that the District Court failed to meaningfully consider the § 3553(a) factors.

To the extent Peate argues that her sentence is substantively unreasonable, we are not persuaded. *See United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (instructing that "if the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed

the same sentence on that particular defendant for the reasons the district court provided").  Accordingly, we will affirm the judgment of the District Court.