NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3538

_____

UNITED STATES OF AMERICA

v.

SHADI MUSTAFA ABUOMAR,

Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 4-08-cr-00354-001)
District Judge: Honorable Matthew W. Brann

_____

Submitted under Third Circuit LAR 34.1(a)
on April 30, 2015

Before: FISHER, HARDIMAN and ROTH, Circuit Judges

(Opinion filed: June 25, 2015)

_____

OPINION[*]

_____

ROTH, Circuit Judge

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Counsel for Shadi Mustafa Abuomar has filed a motion to withdraw from the case and has submitted a brief to support this appeal. Pursuant to *Anders v. California*,[1] counsel argues that there are no non-frivolous issues that can be raised on appeal by Abuomar.

This appeal arises out of a judgment entered against Abuomar for violating the terms of his supervised release. In May 2009, Abuomar was sentenced to 60 months' imprisonment and four years' supervised release for distribution and possession with intent to distribute crack cocaine. His supervised release began January 18, 2013. In June 2013, state police officers found firearms, ammunition, and approximately 50 bags of heroin in his car, and state prosecutors charged him with various drug and firearm charges. After Abuomar pleaded guilty to the state charges, a supervised release revocation hearing was held in District Court on July 22, 2014, at which he pleaded guilty to violating his supervised release. The probation office calculated a range of 18-24 months' incarceration under the Sentencing Guidelines. Abuomar did not object to the calculation, but did request a downward variance. The District Court sentenced Abuomar to 24 months to be served consecutively to his state sentence.

In an *Anders* brief, an attorney must demonstrate to the court that he or she has thoroughly examined the record for appealable issues, and must demonstrate that the issues are frivolous.[2] "Counsel need not raise and reject every possible claim," but must

---

[1] 386 U.S. 738 (1967).
[2] *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

satisfy the "conscientious examination" standard set forth in *Anders*.[3]  When analyzing *Anders* briefs, we consider "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues."[4]  We are satisfied that counsel's brief has met the required standard, carefully reviewing the record and finding no non-frivolous issues.[5]

Where the *Anders* brief appears adequate on its face, our independent examination of the record is to be guided by the brief itself.[6]  Counsel raises three potential issues for review:  1) whether the District Court has jurisdiction to find a supervised-release violation and impose sentence, or the supervised-release revocation process denied Abuomar due process; 2) whether Abuomar's admission of guilt was invalid; 3) whether the within-Guidelines sentence of 24 months, even if imposed consecutively to his current state court sentence, was illegal or unreasonable.

Here, the District Court had jurisdiction over the underlying matter because Abuomar committed an offense against the United States.[7]  For the same reason, the court had jurisdiction to revoke supervised release.[8]  The guilty plea was also proper.  It was counseled and voluntary, and the District Court accorded both Abuomar and his counsel the opportunity to address the court.  Counsel for Abuomar stated specifically that "there is no question" that Abuomar admitted to violating supervised release.

---

[3] *Id.*

[4] *Id.*

[5] Abuomar requested an extension until January 2, 2015, to file a pro se brief in support of his appeal.  He never did file a brief.

[6] *Id.* at 301.

[7] *See* 18 U.S.C. § 3231.

[8] *See* 18 U.S.C. § 3583(e).

The sentence was also proper. Abuomar never objected to the Guidelines calculation and no one disputes it now. The sentence is procedurally sound because the District Court met the requirement that "rational and meaningful consideration" be given to the 18 U.S.C. § 3553(a) factors.[9] The District Court considered the relevant factors, noting specifically that Abuomar was again found with drugs within six months of being put on supervised release and did not adjust well to supervision. A sentence is substantively sound "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[10] With respect to whether the sentence should be consecutive or concurrent, the Guidelines specifically recommend a consecutive sentence on revocation of supervised release.[11] Though the sentence is at the high end of the Guidelines range, this within-Guidelines, consecutive sentence is not substantively unreasonable.

After reviewing counsel's *Anders* brief and the record, we conclude that this case does not raise any non-frivolous issues. Therefore, we will affirm the District Court and grant counsel's motion to withdraw.

---

[9] *United States v. Clark*, 726 F.3d 496, 500 (3d Cir. 2013) (internal quotation marks omitted).
[10] *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).
[11] U.S.S.G. § 7B1.3(f).