NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3048
_____

UNITED STATES OF AMERICA

v.

CHARLES BRACCIODIETTA,
                                    Appellant
_____

On Appeal from the District Court
for the District of New Jersey
(D.C. Criminal No. 1-06-cr-00716-001)
District Judge: Honorable Renee M. Bumb
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 27, 2018

Before: JORDAN, BIBAS, and SCIRICA, *Circuit Judges*

(Filed: September 5, 2018)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

While on supervised release following his guilty plea to two counts of bank robbery, Charles Bracciodieta repeatedly violated the terms of his release by testing positive for drugs. The District Court revoked his supervision and imposed a term of 12 months' imprisonment. Bracciodieta now appeals, contending that the District Court imposed a substantively unreasonable sentence. We will affirm.

**I.**

After pleading guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a), Bracciodieta was sentenced to 127 months' imprisonment and a three-year term of supervised release. He was released from prison in December 2016. One of the terms of Bracciodieta's supervised release, as is standard, was a requirement that he refrain from excessive use of alcohol or any use of a controlled substance except as prescribed by a physician. Approximately three months after his release, Bracciodieta's probation officer filed a Noncompliance Summary with the District Court, detailing his three positive tests for marijuana use throughout January and February and his statement to his probation officer that no judge would imprison him for its use. The summary stated Bracciodieta's probation officer had issued several verbal warnings and provided Bracciodieta access to mental health and substance abuse treatment throughout that period of time. The probation officer did not recommend court action but suggested using the summary as an official reprimand. The Court agreed and added that: "This shall be the last warning by the Court." App. 21.

Two months later, Bracciodieta's probation officer filed a Petition for Warrant or

2

Summons for Offender under Supervision. In that petition, Bracciodieta's probation officer stated that he had committed three violations of his supervised release by failing an additional two drug tests, tampering with a drug test, and failing to attend two scheduled drug treatment appointments. Following the issuance of an arrest warrant by the District Court, Bracciodieta was arrested on May 22, 2017. After a hearing, the District Court released him and continued his supervised release.

Following five additional failed drug tests, Bracciodieta's probation officer filed an Amended Petition, which provided additional detail for one of the earlier violations and added a fourth violation based on the numerous failed drug tests after the initial petition. Bracciodieta was arrested and appeared before the Court for a status conference. Bracciodieta's counsel stated that his client was not receiving proper treatment for his mental health condition, and the District Court continued the proceedings until that issue could be resolved.

Bracciodieta's final revocation hearing was held a month later. Bracciodieta admitted to the factual allegations underlying the fourth violation for use of a controlled substance, and the Government moved to dismiss the remaining three violations. The resulting Guidelines range for his sentence was 8 to 14 months' imprisonment. During the sentencing portion of the hearing, Bracciodieta's counsel emphasized that Bracciodieta had not returned to violent crime and had found employment. Counsel also highlighted the effects of his mental health condition on his drug use. After the conclusion of argument by the defense and Government and after hearing from Bracciodieta, the District Court imposed a sentence of 12 months' imprisonment and a

two-year term of supervised release, of which the first six months was to be spent in a residential reentry center. Bracciodieta appealed.

## II.[1]

On appeal, Bracciodieta contends that his sentence is substantively unreasonable because the District Court failed to adequately consider his mental health condition and its impact on his drug use and did not give his positive accomplishments adequate weight. We disagree.

"We review the . . . substantive reasonableness of a sentence imposed upon revocation of supervised release for an abuse of discretion." *United States v. Thornhill*, 759 F.3d 299, 307 n.9 (3d Cir. 2014). To determine whether a sentence is substantively unreasonable, "we ask 'whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors.'" *United States v. Clark*, 726 F.3d 496, 500 (3d Cir. 2013) (quoting *United States v. Doe*, 617 F.3d 766, 770 (3d Cir. 2010)).

The District Court acknowledged Bracciodieta's mental health condition but noted that Bracciodieta had not taken advantage of the resources provided by the Court:

> And I hate to say that you have to stop making excuses for yourself because I don't want to minimize your issues, your mental health issues at all, but you've got to recognize and understand and get the tools that are available to you, to get the help that you need.

App. 81–82. Far from failing to consider Bracciodieta's mental health issues and the effect they had on his drug use, the Court determined that Bracciodieta could not rely on

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and § 3583(e). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

this matter for leniency without "having . . . tried." App. at 82.

Furthermore, the District Court considered defense counsel's argument that Bracciodieta had demonstrated progress during his supervised release term by refraining from criminal activity other than drug use. The Court agreed with counsel that "there is progress here" but additionally observed that Bracciodieta had "to do more." App. 76. Although Bracciodieta did not commit additional bank robberies while on supervised release, he "violated the conditions that [he] knew about and [was] warned about not once, but twice." App. 82. The Court concluded that it could not "minimize that." App. 82.

Considering the 18 U.S.C. § 3553(a) factors, the Court determined that a guideline range sentence of 12 months' imprisonment would serve as just punishment, would deter Bracciodieta after he had previously not responded to two warnings, and would protect the public from additional crimes. [2] Additionally, the Court imposed a period of residential reentry during the supervised release period to "provid[e] [Bracciodieta] with treatment in the most effective manner." App. 82. Based on the District Court's statements and Bracciodieta's record, we conclude that he has not met the "heavy burden" of showing his sentence is substantively unreasonable. *See Clark*, 726 F.3d at 500. We cannot say that "no reasonable sentencing court would have imposed the same

---

[2] Although a district court may not place undue weight on the factors enumerated in 18 U.S.C. § 3553(a)(2)(A) (including just punishment) in the revocation of supervised release context, the court does not commit a procedural error simply by considering those factors. *See Clark*, 726 F.3d at 500–01; *see also United States v. Young*, 634 F.3d 233, 241 (3d Cir. 2011). The District Court here focused on the need to deter Bracciodieta and to provide treatment and did not place undue weight on the factors listed in § 3553(a)(2)(A).

sentence on [Bracciodieta] for the reasons the district court provided." *Id.* (quoting *Doe*, 617 F.3d at 770).

## III.

For the foregoing reasons, we will affirm the judgment and sentence.