**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2304

_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER SANCHEZ,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-19-cr-00028-001)
District Judge: Honorable Colm F. Connolly

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 30, 2023

Before:  MATEY, FREEMAN, and FUENTES, *Circuit Judges*

(Filed: June 26, 2023)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*.

Defendant-Appellant Christopher Sanchez appeals from a judgment of revocation of supervised release and the accompanying sentence. He argues on appeal that he received a substantively unreasonable sentence for violating his supervised release. Because the District Court did not abuse its discretion, we will affirm the sentence as substantively reasonable.

## I.    FACTS AND PROCEDURAL HISTORY

After pleading guilty to being a felon in possession of a firearm (18 U.S.C. §§ 922(g)(1) and 924(a)(2)), his fourth conviction for illegal firearm possession, Sanchez was sentenced to 29 months' incarceration and 3 years of supervised release.[1] He was released from custody in June 2021 and—almost immediately—was charged with failing to report to his probation officer. Although Sanchez admitted failing to report, the District Court did not find a violation.

Thereafter, Sanchez failed four drug tests between November 2021 and March 2022 and consented to placement in a location monitoring program for 60 days. In May 2022, the Probation Office moved to place Sanchez into a residential reentry center for 90 days due to six violations of supervised release, including continued drug use, failure to report, failure to comply with location monitoring, and failure to comply with a required treatment

_____

[1] Sanchez appealed the only claim he had preserved for appeal, denial of his motion to suppress evidence, but this Court affirmed the District Court. *See Sanchez v. United States*, 860 F. App'x 253 (3d Cir. 2021).

2

program.  Sanchez failed to appear at a June 27, 2022 hearing to address these violations, but the District Court deemed this failure unintentional.

At a reconvened hearing on June 29, Sanchez informed the Court that he would do 60 days in a reentry center but would refuse to do 90 days.  The Court nonetheless ordered 90 days in a reentry center, and, true to his word, Sanchez refused to comply.  The Probation Office then filed a new petition—adding a seventh violation for Sanchez's violation of the court order—and the Court issued a warrant for Sanchez's arrest.

Sanchez admitted to each violation at a July 11 hearing.  Although the Probation Officer recommended 30 days' imprisonment, the parties agreed that the relevant Guidelines range was 7 to 13 months.  The District Court imposed a 13-month, top-of-the-Guidelines sentence, citing Sanchez's blatant defiance of the conditions of his release and of the Court, as well as the need to deter such conduct.  Sanchez appeals.

## II.    DISCUSSION[2]

Sanchez contends that the 13-month sentence of incarceration imposed by the District Court was substantively unreasonable.  Sanchez's primary argument is that the Court abused its discretion because it was "disappointed and angry" that its efforts to mentor Sanchez failed, and that its sentence was "improperly colored by emotion."[3]  Our review of a sentence for substantive unreasonableness is highly deferential.  We review the

---

[2] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. §§ 3231 and 3583(e)(3) to determine whether to revoke a sentence of supervised release.  *See United States v. Dees,* 467 F.3d 847, 851 (3d Cir. 2006).  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[3] Appellant Br. 18.

procedural and substantive reasonableness of a district court's sentence upon revocation of supervised release for an abuse of discretion.[4] "To demonstrate that a sentence is procedurally reasonable, a district court must show meaningful consideration of the relevant statutory factors and the exercise of independent judgment."[5] A sentence is procedurally unreasonable when a district court fails to 1) properly calculate the Guidelines sentencing range, 2) consider motions to depart from that range, or 3) meaningfully address the relevant 18 U.S.C. § 3553 factors.[6]

Sanchez was sentenced within a properly calculated Guidelines range and does not argue that the Court disregarded any relevant factors. Rather, he contends that the sentence was substantively unreasonable because the Court based its sentence on its disappointment in him. We must affirm a procedurally sound sentence unless no reasonable court would have imposed the same sentence for the reasons that the District Court did.[7]

Sanchez cites no caselaw suggesting that speculation as to a judge's emotional state can render a within-Guidelines-range sentence substantively unreasonable. Moreover, the reasons for the top-of-the-Guidelines sentence—namely Sanchez's repeated failure to comply with less-restrictive conditions—are ones that a reasonable court could employ to impose the same sentence. Therefore, Sanchez's sentence was substantively reasonable.

### III. CONCLUSION

For the foregoing reasons, we will affirm the sentence imposed by the District Court.

---

[4] *United States v. Friedman,* 658 F.3d 342, 360 (3d Cir. 2011).
[5] *Id.* (internal quotation marks omitted).
[6] *See United States v. Seibert*, 971 F.3d 396, 399 (3d Cir. 2020).
[7] *Friedman*, 658 F.3d at 360; *United States v. Clark*, 726 F.3d 496, 500 (3d Cir. 2013).

4