**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1380

_____

UNITED STATES OF AMERICA

v.

KHALIF TUGGLE a/k/a KHALIF TUGGLES a/k/a KHALIF DOWNING,

Khalif Tuggle,
Appellant

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(District Court No. 2-20-cr-00273-001)
District Judge:  Honorable Michael M. Baylson

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on March 8, 2024

_____

Before:  SHWARTZ, AMBRO, and CHUNG Circuit Judges

(Filed: March 27, 2024)

_____

OPINION*

_____

CHUNG, Circuit Judge.

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

In 2017, Khalif Tuggle shot Thomas Petersen in his car, robbed him, stole his car, and left him in his injured state. Petersen later died from his wounds. Local authorities prosecuted Tuggle in state court, and he pled guilty to state-law murder, robbery, and firearms charges. In 2019, the state court sentenced him to 13.5–27 years in prison.

Federal authorities also prosecuted Tuggle for the 2017 incident, and in 2022, he pled guilty to three federal offenses: (1) carjacking and aiding and abetting, in violation of 18 U.S.C. §§ 2119 and 2; (2) use of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and (3) murder in the course of using and carrying a firearm, in violation of 18 U.S.C. § 924(j)(1). Those offenses carry heavy penalties. The maximum terms of imprisonment for both Count One and Count Two is life, and the minimum term of imprisonment for Count Two is a consecutive term of ten years.[1] The undisputed total Guidelines range for imprisonment was 480 months.

Per their agreement, the parties jointly recommended that the District Court sentence Tuggle to a total term of imprisonment of 480 months, adjusted "in a manner consistent with U.S.S.G. § 5G1.3(b)."[2] Resp. Br. 9. Because Tuggle had already served

---

[1] Count Three is a lesser-included offense of Count Two and therefore merges with Count Two for purposes of sentencing.

[2] U.S.S.G. § 5G1.3(b) provides that if "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction," then (1) "the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons," and (2) "the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment." U.S.S.G. § 5G1.3(b)(1).

69 months on his state sentence, which the Bureau of Prisons would not credit, the parties both concluded that a sentence of 411 months, to run concurrently with the undischarged portion of Tuggle's state sentence, would be consistent with their agreement.

The District Court found that the appropriate sentence on all counts was a total term of imprisonment of 600 months. It declined to reduce that term, per U.S.S.G. § 5G1.3(b), by the 69 months Tuggle had already served in state prison, but did order the federal sentence to run concurrently with the remainder of Tuggle's state sentence. During the sentencing hearing, the Court explained the several considerations that led it to sentence Tuggle above the parties' recommendation.

Tuggle appeals, arguing that the District Court's sentence is substantively unreasonable.[3] A defendant making a substantive-reasonableness challenge faces a "heavy burden." United States v. Clark, 726 F.3d 496, 500 (3d Cir. 2013). We presume that a sentence is substantively reasonable where, as here, it is within the Guidelines range. See United States v. Pawlowski, 27 F.4th 897, 912 (3d Cir. 2022). We will affirm a sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." United States v. Tomko, 562 F.3d 558, 568 (3d. Cir. 2009) (en banc). Here, Tuggle makes two main arguments that his sentence is substantively unreasonable. Both fail to meet his burden.

---

[3] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review a district court's sentencing decision for abuse of discretion and give "due deference" to the district court's application of the § 3553(a) factors. United States v. Tomko, 562 F.3d 558, 567–68 (3d. Cir. 2009) (en banc) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).

3

First, Tuggle argues that "the sentence imposed was far greater than necessary to account for all the sentencing factors under 18 U.S.C. § 3553(a)." Opening Br. 14. In particular, he argues that the Court failed to comply with § 3553(a)(4)–(5)[4] when it declined to adjust the sentence to account for time served in state custody under U.S.S.G. § 5G1.3.[5] The record reflects that the District Court considered these factors, however, including considering the policy embodied in § 5G1.3(b) and any possible effect it might have on a term of imprisonment. More specifically, the Court recognized that § 5G1.3 contemplates a court's consideration of circumstances where a defendant has already served time on a state sentence for relevant conduct and § 5G1.3(b)'s effect on a federal term of imprisonment. It nonetheless found the sentence imposed appropriate in light of all § 3553 factors, specifically noting (a) "[t]he seriousness of the crime, the violence of it, the fact that a human life was taken," App. 111; and (b) that the need to protect the public would not be served by a 411-month sentence in light of "Tuggle's background," which reflected that Tuggle would not be "safe to be turned back into society at age 65,"

---

[4]     Under 18 U.S.C. § 3553(a)(4)–(5), a court is to consider "the kinds of sentence and the sentencing range established for … the applicable category of offense committed by the applicable category of defendant," as set forth by the Sentencing Commission's Guidelines, id. § 3553(a)(4)(A)(i), as well as "any pertinent policy statement … issued by the Sentencing Commission," id. § 3553(a)(5)(A).

[5]     Tuggle did not object to the procedural reasonableness of his sentence when it was imposed and has forfeited any such argument that the District Court was *compelled* to apply U.S.S.G. § 5G1.3(b). In any case, the record reflects that the District Court fully considered the state time Tuggle had already served and still concluded, from the totality of its analysis of all relevant factors, that the 600-month sentence was appropriate. See United States v. Zabielski, 711 F.3d 381, 387 (3d Cir. 2013).

id. at 112.  Tuggle has not shown that no reasonable court considering the same facts would have declined to adjust his sentence under § 5G1.3.

Tuggle makes other arguments in support of his first point.  He argues that the sentence was greater than necessary to fulfill the purposes of sentencing because the parties considered the sentencing factors and recommended a shorter sentence.  See 18 U.S.C. § 3553(a)(2).[6]  He also cites federal sentencing statistics to argue that mean and median sentences in cases involving the same offenses are shorter.  All those points establish, however, is that the District Court could have imposed a shorter sentence but did not.

Second, Tuggle argues that the District Court's sentence did not give adequate weight to his "individual circumstances."  Opening Br. 30.  Individual circumstances that Tuggle identifies include his difficult personal history and his acceptance of responsibility when he pled guilty.  As to Tuggle's difficult history, the Court acknowledged such difficulties before noting that many people with "similar[ly] tough lives" do not commit the crime he did.  App. 111.  As to his acceptance of responsibility,

---

[6]     Under § 3553(a)(2), a court must consider:
    (1)    the need for the sentence imposed –
        (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (b) to afford adequate deterrence to criminal conduct;
        (c) to protect the public from further crimes of the defendant; and
        (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
18 U.S.C. § 3553(a)(2).

the Court explained that he might have pled guilty simply because the government had a strong case against him, and also noted that Tuggle sought at one point to withdraw his plea.

Tuggle further argues that the "particular circumstances of [his] offense" made his crime less serious than some other carjacking-murders and that the District Court improperly treated his crime as on par with those more serious cases. Opening Br. 22. Although the District Court took occasion during Tuggle's sentencing to remark on the scourge of carjackings generally, as well as to mention another carjacking-murder that had happened nearby just days earlier, the Court's statements do not suggest that it attributed the facts of those other crimes to Tuggle.

In sum, the record reflects that the District Court considered all of the § 3553 factors and Tuggle's arguments and found his crime warranted the within-guidelines sentence imposed. We cannot conclude that no reasonable court would have given him the same sentence.

Because the District Court's sentence was not substantively unreasonable, we will affirm.