**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3120
_____

UNITED STATES OF AMERICA

v.

MATTHEW NISBETT,
a/k/a Matthew Nesbett,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 3-23-cr-00573-001)
District Judge: Honorable Peter G. Sheridan
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 8, 2024

Before: BIBAS, FREEMAN, and RENDELL, *Circuit Judges*

(Opinion filed: August 16, 2024)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**FREEMAN**, *Circuit Judge.*

Matthew Nisbett pleaded guilty to a controlled substance offense and was sentenced to 60 months' imprisonment. On appeal, he challenges the reasonableness of his sentence. We will affirm.

**I**

In July 2023, Nisbett pleaded guilty to possessing methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

At sentencing, the District Court reduced Nisbett's total offense level from 34 to 29 because of his timely acceptance of responsibility and his minor role in the offense. Additionally, both parties moved for a downward variance. The Court granted the motion and varied downward by 10 levels. It explained that it did so based on Nisbett's military service, history of sexual abuse, drug and alcohol dependence, mental and emotional issues, HIV-positive status, suicidal ideation, and incarceration at Rikers Island at the time of sentencing. With a final offense level of 19 and a criminal history category of V, Nisbett's Sentencing Guidelines range was 57 to 71 months' imprisonment.

After the Court announced the Guidelines range, the Court invited Nisbett to allocute. Nisbett described his life circumstances, which included several traumatic experiences. The Court acknowledged those circumstances, many of which were addressed in written materials submitted before the hearing. It explained that it had considered those circumstances when it granted its pre-allocution variance. It then

discussed the 18 U.S.C § 3553(a) factors—including many of the challenges Nisbett spoke of—and imposed a sentence of 60 months' imprisonment.

Nisbett did not object to the sentence, but he timely appealed.

## II[1]

Because Nisbett did not object in the District Court after the imposition of his sentence, we review his claims for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). Under this demanding standard, we will remand only when the error is "clear or obvious, affects substantial rights, and affects the fairness, integrity[,] or public reputation of judicial proceedings." *Id.* at 259 (citation and internal quotation marks omitted). We discern no plain error here.

### A

First, Nisbett argues that the District Court failed to properly weigh the 18 U.S.C § 3553(a) factors, and did not provide sufficient justifications on the record to support its sentencing conclusions. We disagree.

While there is "no uniform threshold for sufficiency" courts must meet in discussing the § 3553(a) factors, we require them to provide "more than a rote recitation of the . . . factors" to uphold a sentence on appeal. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). A sentencing court must adequately explain its reasoning,

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

but it "need not discuss and make findings as to each of the § 3553(a) factors so long as the record makes clear that the court has taken them into account." *United States v. Clark*, 726 F.3d 496, 502 (3d Cir. 2013) (citation and internal quotation marks omitted).

The District Court's analysis satisfied this standard. It addressed mitigating factors, including Nisbett's minor role in the drug trafficking scheme, his mental health struggles, and his past traumas. It also addressed aggravating factors like the gravity of his offense, his criminal history and potential for recidivism, and the importance of deterring others in the community from committing similar offenses. It meaningfully considered the § 3553(a) factors and explained its reasoning, so it committed no procedural error.

B

Second, Nisbett argues the Court erred by deciding what sentence it would impose before hearing allocution. The record does not support this argument. Although the Court determined the sentencing range before allocution, it considered and addressed Nisbett's oral statements before announcing its sentence. Nisbett directs us to no authority calling this sequence into doubt, nor are we aware of any. Even if we were to assume this sequence was erroneous, Nisbett has not demonstrated a reasonable probability that the sequencing affected his sentence. *See Rosales-Mireles v. United States*, 585 U.S. 129, 134–35 (2018).

C

Finally, Nisbett argues that the District Court erred by failing to consider whether to grant him a downward departure pursuant to United States Sentencing Guidelines sections 4A1.3(b) and 5G1.3(d).[2] "[W]e lack jurisdiction to review the merits of a district court's discretionary decision to refuse a downward departure under the Sentencing Guidelines once we determine that the district court properly understood its authority to grant a departure. . . ." *United States v. Minutoli*, 374 F.3d 236, 239 (3d Cir. 2004).

Here, the District Court understood its authority to grant a downward departure and asked defense counsel which departures Nisbett was seeking. Following an exchange with the government, defense counsel responded that he would seek a variance instead of a departure. Thus, Nisbett withdrew his departure request. To the extent that Nisbett challenges the Court's failure to consider his withdrawn request, we lack jurisdiction to consider this claim.

\* \* \*

For the foregoing reasons, we will affirm the judgment of sentence.

---

[2] Nisbett also invokes a Guideline that is inapplicable without a government motion. No such motion was filed here.