**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3257
_____

UNITED STATES OF AMERICA

v.

DAMIAN BRADFORD,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-21-cr-00008-001)
District Judge: Honorable W. Scott Hardy
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 12, 2024

BEFORE: CHAGARES, *Chief Judge*, ROTH, and RENDELL, *Circuit Judges*.

(Filed: November 5, 2024)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

RENDELL, *Circuit Judge*.

Damian Bradford appeals from the District Court's order sentencing him for violating the conditions of his supervised release. He urges that the sentence is substantively unreasonable and urges that the District Court committed procedural error. We find neither substantive nor procedural error and will, therefore, affirm the District Court's order.

I.

In 2005, Bradford and his girlfriend conspired to kill her husband, and, later, he did so. Bradford was charged with, and pleaded guilty to, two federal crimes in the United States District Court for the Northern District of Ohio, resulting in a sentence of 210 months' imprisonment to be followed by five years' supervised release. After his release from prison in 2020, Bradford moved from Ohio to Pennsylvania, and the U.S. District Court for the Western District of Pennsylvania assumed jurisdiction over his supervised release.

In 2022, Bradford, while holding a pistol, confronted a man outside a convenience store in Beaver County, PA. Two state troopers who were on routine patrol saw the encounter and intervened. Bradford fled from the troopers. One of the officers tackled Bradford, who continued to resist arrest and began grappling with both troopers. During the struggle, Bradford shot one of the officers in the leg. While that officer and a bystander performed first aid, the other officer and another bystander successfully subdued and arrested Bradford. Bradford was convicted of numerous state crimes and sentenced to 36½ to 73 years in state prison.

2

After this incident, Bradford's probation officers moved to revoke his supervised release based on his commission of another crime and his possession of a firearm, both violations of the conditions of his supervised release. Later, the District Court held a hearing and concluded that the state convictions constituted violations. The District Court calculated Bradford's total advisory Guideline range to be 46 to 57 months' imprisonment and the statutory maximum prison term to be 120 months. The Government requested an upward variance to reflect the seriousness of Bradford's conduct, which Bradford opposed. Bradford urged, instead, that his sentence should be served concurrently to his state sentence because he was 42 years old and running his federal sentence consecutively to his state sentence would result in a de facto life sentence. After considering, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for deterrence, the District Court granted the Government's request for an upward variance, revoked Bradford's supervised release and sentenced him to the statutory maximum of 120 months' imprisonment to run consecutively to his state sentence. Bradford appealed.[1]

## II.

First, Bradford urges that his sentence is substantively unreasonable because, by running it consecutively to his state sentence, he may die in prison. We review the District Court's sentence for abuse of discretion. *United States v. Clark*, 726 F.3d 496, 500 (3d Cir. 2013). The appeal from a revocation of supervised release is subject to the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.

same abuse of discretion standard as an appeal from a regular prison sentence. *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007). A district court abuses its discretion if its decision "was based on a clearly erroneous factual conclusion or an erroneous legal conclusion." *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008).

The District Court did not abuse its discretion in this case. As required by statute, the District Court considered the sentencing factors for each offense. 18 U.S.C. § 3584(b). The District Court carefully considered the factors enumerated in 18 U.S.C. § 3553(a), discussing both aggravating and mitigating factors for the sentence. While Bradford objects that the length of his sentence may result in his dying in prison, this, standing alone, does not render his sentence unreasonable. *See, e.g.*, *United States v. Ward*, 732 F.3d 175, 186 (3d Cir. 2013) ("The fact that [a defendant] may die in prison does not mean that his sentence is unreasonable.").

Second, Bradford urges that the District Court failed to explain its reasoning adequately, and, thus, committed procedural error. Generally, we review claims of procedural error for abuse of discretion. *Clark*, 726 F.3d at 500. However, Bradford failed to raise a claim of procedural error in the District Court.[2] Thus, we review for plain error. *United States v. Williams*, 974 F.3d 320, 340 (3d Cir. 2020). Just as we found that the District Court did not abuse its discretion in imposing its sentence, we likewise find that it did not commit plain error in its explanation of its reasons for imposing such sentence. The District Court had a duty to "acknowledge and respond to

---

[2] In fact, Bradford explicitly waived a procedural claim, stating that "[t]here is nothing procedurally wrong about [the District Court's decision.]"

any properly presented sentencing argument which has colorable legal merit and a factual basis," and it fulfilled that duty. *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007). The District Court explained its reasons for imposing its sentence consecutively and for granting the Government's request for an upward variance. "[T]he record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)," demonstrating that the District Court's reasoning was not procedurally unreasonable. *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007).

For these reasons, we will affirm the District Court's order.