**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1492

_____

UNITED STATES OF AMERICA

v.

ANDREW PEREZ,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 3:15-cr-00154-006)
District Judge:  Honorable Malachy E. Mannion

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on January 16, 2025.

_____

Before:  PHIPPS, FREEMAN, and CHUNG, Circuit Judges

(Filed February 19, 2025)

_____

OPINION[1]

_____

CHUNG, Circuit Judge.

The District Court sentenced Andrew Perez to an above-Guidelines-range term of

imprisonment for violating a condition of his supervised release.  Perez now challenges

_____

[1]    This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

his sentence as procedurally and substantively unreasonable, asserting that the District Court impermissibly considered an arrest in fashioning his sentence. We agree that there was procedural error that prejudiced Perez. We will vacate the judgment and remand for resentencing.

## I.    BACKGROUND[2]

While on supervised release, Perez was first arrested in June 2023. During the incident leading to his arrest, Perez fled from police on foot during a traffic stop and stopped only after being tased. At that time, the police recovered three cell phones from his person. Perez eventually pleaded guilty to evading arrest and careless driving. Perez was arrested again in October 2023 after his former girlfriend accused him of assault. The charges were withdrawn after his former girlfriend recanted her allegations and declined to testify.

The District Court held a hearing on February 15, 2024, to address the potential violations of his supervised release. At the hearing, Perez admitted, per an agreement with the government, to a Grade C violation relating to the June 2023 offense. The Guidelines range term of imprisonment for that violation was eight to fourteen months. On February 29, 2024, the District Court held a sentencing hearing. After considering the evidence offered by Perez, the parties' arguments, and analyzing the required sentencing factors under 18 U.S.C. §§ 3553 and 3583, the District Court ultimately concluded that an upward variance was appropriate and imposed an eighteen-month term

---

2    Because we write for the parties, we recite only facts pertinent to our decision.

of imprisonment followed by three years of supervised release. The District Court also ordered two additional conditions on Perez's new term of supervised release. It first instructed Perez to participate in an anger management program and, second, "not to have any contact, at all, with" his former girlfriend.

Perez timely appealed.

## II. DISCUSSION[3]

Perez contends that the above-Guidelines sentence imposed by the District Court is procedurally and substantively unreasonable. The sole basis for Perez's assertion is that the District Court erred by "relying on [his October 2023] arrest" in crafting his sentence. Br. 11.

"We review the procedural and substantive reasonableness of a sentence for abuse of discretion." United States v. Valentin, 118 F.4th 579, 590 n.19 (3d Cir. 2024). Because Perez did not object during sentencing, however, we review his procedural challenge for plain error. Id. To satisfy the plain-error standard, a defendant must establish that (1) the District Court erred; (2) the error was clear or obvious under the law at the time of review; and (3) the error affected substantial rights, that is, the error affected the outcome of the proceedings. Johnson v. United States, 520 U.S. 461, 467 (1997). Even if all three of these conditions are satisfied, we will exercise our discretion to award relief "only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks and brackets omitted).

---

[3] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742.

"[O]ur precedent clearly demonstrates that a district court's consideration, even in part, of a bare arrest record is plain error." United States v. Mateo-Medina, 845 F.3d 546, 550 (3d Cir. 2017). We agree with Perez that the District Court relied, at least in part, on his October 2023 arrest in fashioning his sentence.

The District Court supported its incarceratory sentence with a detailed discussion of the factors as set forth and specified in 18 U.S.C. §§ 3553 and 3583(e)(2). App. 103-04. The District Court began by detailing Perez's "terrible" criminal history, the "lack of trust" his violative conduct caused the Court, and the "very serious" nature of the June 2023 offense. App. at 103-04. Moreover, the District Court specifically stated that it was not imposing its sentence to punish Perez for the conduct underlying his initial federal conviction, nor for his October arrest, but to address his violation of the Court's trust. App. 104.

Within this discussion, however, the District Court did reference the October arrest. For instance, the District Court explicitly mentioned the October arrest when reciting conduct that caused the District Court to conclude that Perez needed "some work" on his anger. App. 103. The District Court also noted that the reason for its sentence was "one significant occasion for which you got convictions and for any other activities that violate the Court's trust in you." Id. "[O]ther activities that violate the Court's trust" appears to reference Perez's October arrest, given the dearth of evidence that Perez committed other violations during his supervised release.[4] These references

___

[4] As noted above, Perez was arrested in June 2023 with three cell phones from his person. The District Court expressed "real[] concern" that, among other things, "the

4

alone might not compel the conclusion that the District Court improperly considered his October arrest in fashioning his sentence. But the District Court also ordered Perez to have no contact with his former girlfriend as a condition of his supervised release. Id. at 105. We can find no basis in the record to support imposing this condition, other than his October arrest.

Perez does not challenge the stay-away condition, however. He challenges the term of imprisonment imposed. As we noted above, this part of Perez's sentence was supported by a detailed discussion of many aspects of Perez's criminal history and his violative conduct. In addition, the Court specifically stated that its sentence was unrelated to his October arrest and was imposed to address Perez's violation of the Court's trust. The government submits that this detailed discussion reflects that the District Court would have imposed the same term of imprisonment, even absent references to the October arrest. The government argues, therefore, that no relief is warranted.

We confront a record, though, that reflects the imposition of a stay-away condition that is directly linked to Perez's October arrest, the imposition of an anger management condition that was partly linked to that arrest, and a sentence imposed to address a violation of the Court's trust that was plausibly caused in part by that arrest (or other

---

reason people have multiple cell phones, almost universally, is not related to personal use or business, legitimate business." App. 103. This comment appears to reference the District Court's concern that Perez was engaging in other criminal acts, which were neither admitted nor proven at the hearing.

unproven conduct). In light of these circumstances, we cannot share the government's certainty that the District Court would have imposed the same term of imprisonment absent consideration of his October arrest, particularly given that the arrest was actually considered in imposition of another part of his sentence (the stay-away condition). See United States v. Payano, 930 F.3d 186, 198-99 (3d Cir. 2019). We therefore conclude that the District Court plainly erred in considering the fact of, and circumstances underlying, Perez's domestic violence arrest when sentencing him.

Having found plain error, we now turn to whether to exercise our discretion and award relief. Johnson, 520 U.S. at 467. Although relief under plain error is discretionary and usually employed only "sparingly," Rosales-Mireles v. United States, 585 U.S. 129, 142 (2018), we generally elect to exercise that discretion when "correcting sentencing errors," especially where, as here, the District Court relied on an improper factor in crafting the sentence. Payano, 930 F.3d at 198-99. Such errors seriously affect the fairness and integrity of sentencing. See United States v. Berry, 553 F.3d 273, 284-86 (3d Cir. 2009); see also United States v. Dahl, 833 F.3d 345, 359 (3d Cir. 2016). In line with these precedents, we will exercise our discretion, grant relief, and vacate and remand for resentencing.[5]

III.    CONCLUSION

---

[5]    Because we find plain procedural error, we need not consider whether Perez's sentence was also substantively unreasonable. See United States v. Clark, 726 F.3d 496, 503 (3d Cir. 2013).

For the reasons set forth above, we will vacate and remand for resentencing.[6]



[6]    Judge Phipps respectfully dissents from this opinion. The sentence can be justified by the record on appeal, and it is entirely possible that on remand the District Court will impose the exact same sentence. Thus, in his view, this is not a situation requiring the exercise of judicial discretion under the fourth prong of plain-error review: upholding the sentence under these circumstances does not seriously affect the fairness, integrity, or public reputation of judicial proceedings. See United States v. Olano, 507 U.S. 725, 737 (1993) (explaining that "a plain error affecting substantial rights does not, without more, satisfy [the fourth prong of plain-error review]" because otherwise the exercise of discretion contemplated by that prong "would be illusory").