NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 22-1901

———————

UNITED STATES OF AMERICA

v.

JOSHUA FRANCIS SHENEGO,

Appellant

———————

Appeal from the United States District Court
for the Western District of Pennsylvania
(D. C. No. 3-10-cr-00003-001)
District Judge:  Honorable Kim R. Gibson

———————

Submitted under Third Circuit LAR 34.1(a)
on January 13, 2023

Before: JORDAN, PHIPPS and ROTH, <u>Circuit Judges</u>

(Opinion filed: October 11, 2023)

———————

OPINION*

———————

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

ROTH, Circuit Judge

Joshua Shenego pleaded guilty to assault of his pregnant girlfriend. As a result, the District Court revoked Shenego's supervised release and sentenced him to fifteen months' imprisonment and two years' supervised release, a sentence below the relevant guideline range. Because the sentence is procedurally and substantively reasonable, we will affirm the judgment of the District Court.

I.      BACKGROUND

In 2010, Joshua Shenego pleaded guilty to distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and was sentenced to 188 months of imprisonment,[1] to be followed by five years of supervised release. One month into Shenego's term of supervised release, the Allegheny County Court of Common Pleas charged Shenego with strangulation, simple assault, harassment, and criminal mischief in relation to a domestic violence incident. As a result, the Probation Office moved to revoke Shenego's supervised release. The charges were later dropped, and the Probation Office revoked its petition.

Almost two years later, Johnstown police arrested Shenego after he hit his pregnant girlfriend, Leslie Jones, with the back of his hand during an argument. Jones fell to the floor and was unable to see out of her left eye. Shenego was subsequently charged with felony aggravated assault and summary harassment. The Probation Office again moved to revoke Shenego's supervised release. Shenego later pleaded guilty to one

---

[1] The District Court later reduced Shenego's sentence to 151 months of imprisonment under *Dorsey v. United States*, 567 U.S. 260 (2012).

count of simple assault and received a sentence of six to twenty-four months of imprisonment.

The District Court subsequently held a revocation hearing, where Shenego admitted to the violation of his terms of supervised release. As a result, the District Court ordered Shenego's supervised release revoked. The District Court imposed a below-guideline sentence of fifteen months' imprisonment, followed by an additional two-year term of supervised release. The court noted its consideration of the § 3553(a) factors and found that Shenego "engaged in serious criminal activity."[2] Furthermore, because of his "failure to abide by the conditions of supervised release," the court found that Shenego constituted a "danger to the community."[3] Shenego appeals, challenging the reasonableness of his sentence.

## II.    ANALYSIS[4]

"[A]ppellate review of sentencing decisions is limited to determining whether they are 'reasonable.'"[5] We are "highly deferential" to district courts' imposition of sentences and review the "reasonableness of a revocation sentence for abuse of discretion."[6] The District Court abuses its discretion in imposing a sentence if it is either procedurally or substantively unreasonable.[7]

---

[2] SAppx. 57.
[3] SAppx. 57.
[4] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.
[5] *Gall v. United States*, 552 U.S. 38, 46 (2007).
[6] *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007); *United States v. Clark*, 726 F.3d 496, 500 (3d Cir. 2013).
[7] *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

Shenego failed to preserve a claim of procedural reasonableness at sentencing and waived the claim on appeal by failing in his opening brief to point to a procedural error.[8] Thus, the crux of Shenego's claim is that his sentence is substantively unreasonable.

A sentence is substantively unreasonable where "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[9] An individual challenging the substantive reasonableness of a sentence "carries a heavy burden" because "absent any significant procedural error, we must give due deference to the district court's determination that the § 3553(a) factors, on a whole, justify the sentence."[10] Where the District Court imposes a sentence either within or, as here, below the guideline range, we may apply a presumption of reasonableness that the challenger has the burden to rebut.[11]

Shenego does not meet his burden because he cannot demonstrate that no "reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[12] The District Court imposed a sentence on Shenego that was eighteen months *below* the lower end of the applicable

---

[8] *See United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc) ("[A] defendant must raise any procedural objection to his sentence at the time the procedural error is made."); *Bastardo-Vale v. Att'y Gen.*, 934 F.3d 255, 268 (3d Cir. 2019) (en banc) ("[A]n appellant's opening brief must set fourth and address each argument the appellant wishes to pursue in an appeal." (quoting *Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist.*, 877 F.3d 136, 145 (3d Cir. 2017))).

[9] *Tomko*, 562 F.3d at 568.

[10] *Id.* at 568 (quotations omitted); *Clark*, 726 F.3d at 500.

[11] *Rita v. United* States, 551 U.S. 338, 347–51 (2007); *United States v. Olfano*, 503 F.3d 240, 245 (3d Cir. 2007); *United States v. Handerhan*, 739 F.3d 114, 124 (3d Cir. 2014).

[12] *Tomko*, 562 F.3d at 568.

guideline range and adequately justified its sentence. As in *Tomko*, where we found the district court acted reasonably, the District Court here "provided more than just a boilerplate recitation of the § 3553(a) factors; it detailed, step-by-step, its individualized assessment of the sentence that it believed appropriate in this particular case."[13] The court "gave due consideration when weighing all factors,"[14] and ultimately found that Shenego's sentence was "reasonable because it reflects the seriousness of his violations of supervised release," that Shenego was a "danger to the community," and that he "engaged in serious criminal activity."[15]

Shenego fails to demonstrate how a sentence far *below* the relevant guideline range is unreasonable in light of the above findings.[16] After all, a "district court's failure to give mitigating factors the weight a defendant contends they deserve [does not] render[] the sentence unreasonable."[17] We may only reverse where we find that the District Court abused its discretion.[18] We do not find that it did so here.

### III.    CONCLUSION

For the above reasons, we will affirm the judgment of the District Court.

---

[13] *Id.* at 571.
[14] *United States v. DaCruz-Mendes*, 970 F.3d 904, 910 (8th Cir. 2020).
[15] SAppx. 57–58.
[16] *See United States v. Cordero*, 609 F. App'x 73, 78 (3d Cir. 2015) (upholding a sentence as substantively reasonable in light of the court's recognition of the particular seriousness of the crime); *United States v. Pawlowksi*, 27 F.4th 897, 912 (3d Cir. 2022) (upholding a within guideline sentence where the District Court "reasonably concluded that [defendant's] offense was very serious, 'strik[ing] at the core of our democracy'").
[17] *Bungar*, 478 F.3d at 546.
[18] *See Tomko*, 562 F.3d at 574.