**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2295

_____

UNITED STATES OF AMERICA

v.

AARON MORALES
a/k/a ACE,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1:18-cr-00023-001)
District Judge: Honorable Christopher C. Conner

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on May 24, 2024

Before: RESTREPO, FREEMAN, and McKEE, *Circuit Judges*

(Opinion filed: July 12, 2024)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**FREEMAN**, *Circuit Judge.*

Aaron Morales pleaded guilty to a cocaine distribution offense and was sentenced to 156 months' imprisonment. On appeal, he challenges the procedural reasonableness of his sentence. We will affirm.

**I**

In March 2023, Morales pleaded guilty to one count of distributing and possessing with intent to distribute at least 500 grams of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(ii).

At sentencing, the District Court calculated a Guidelines range of 110 to 137 months' imprisonment.[1] It acknowledged mitigating factors, including strong familial support, but determined that the aggravating factors warranted an upward variance. Based on Morales' extensive criminal history—including an "accumulation of criminal history points" that the judge believed was "the most [he had] ever seen in . . . 20 plus years on the federal bench," App. 205–06—his role in the offense, and his risk of reoffending, the Court varied upward and sentenced Morales to 156 months' incarceration. Morales timely appealed.

---

[1] The Court adopted the Guidelines range as calculated in the parties' plea agreement, which included a three-level "aggravating role enhancement," U.S.S.G. § 3B1.1(b), and a two-level reduction for "affirmative acceptance of responsibility," App. 108.

## II

The District Court exercised jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Morales did not object at his sentencing hearing after the District Court announced the sentence. Accordingly, we review for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). Under this demanding standard, we will remand only when the error is "clear or obvious, affects substantial rights, and affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 259 (internal quotation marks omitted).

## III

Morales argues that the District Court erred by varying upward based on factors already accounted for in the Guidelines range. He also argues that the District Court failed to meaningfully consider the 18 U.S.C. § 3553(a) factors and explain its upward variance. With respect to both arguments, we discern no error (plain or otherwise).

## A

Morales first argues that the District Court erred by varying upward based on his role in the offense and his criminal history, which are already accounted for in the Guidelines range. This argument is foreclosed by § 3553(a) and our precedent.

Section 3553(a)(1) requires courts to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" at sentencing. The statute

does not constrain these considerations to Guidelines calculations, and we will not infer such a limitation.

In addition, we have "emphasize[d] that a sentencing court is not prohibited from considering the factual basis underlying a defendant's sentenc[ing] enhancements, and indeed, *should* consider those facts in order to tailor the sentence to the defendant's individual circumstances." *United States v. Greenidge*, 495 F.3d 85, 103 (3d Cir. 2007); *see also United States v. Pawlowski*, 27 F.4th 897, 912 n.8 (3d Cir. 2022) (finding no authority "precluding a sentencing court from considering a fact at the § 3553(a) stage merely because that fact is also relevant to the Guidelines calculation"). The District Court did not err by varying from the Guidelines range based on Morales' role in the offense and criminal history.

## B

Morales next argues that the District Court erred by failing to adequately consider the § 3553(a) factors and explain its reasoning. We disagree.

While there is no "uniform threshold for sufficiency" courts must meet in discussing the § 3553(a) factors, we require them to provide "more than a rote recitation of the . . . factors" to uphold a sentence on appeal. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). A sentencing court must adequately explain its reasoning, but "need not discuss and make findings as to each of the § 3553(a) factors so long as the record makes clear that the court has taken them into account." *United States v. Clark*, 726 F.3d 496, 502 (3d Cir. 2013) (internal quotation marks omitted).

4

The District Court's analysis satisfied this standard. The Court addressed the mitigating factors in Morales' case, including his supportive family members and their testimony about his character, before turning to the aggravating factors. The Court reasoned that an upward variance was necessary based on the significant quantities of drugs involved, Morales' role in the trafficking scheme, his criminal history, and his potential for recidivism. Because the District Court meaningfully considered the § 3553(a) factors and explained its reasoning, it committed no procedural error.

\*      \*      \*

For the foregoing reasons, we will affirm the District Court's judgment.[2]

---

[2] Because Morales is represented by counsel, we decline to consider the arguments in his pro se letter dated June 22, 2024. 3d Cir. L.A.R. 27.8, 31.3 (2011); *United States v. Turner*, 677 F.3d 570, 578 (3d Cir. 2012).