NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1429
_____

UNITED STATES OF AMERICA

v.

MATTHEW HOLMES,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:20-cr-00124-001)
District Judge: Honorable J. Nicholas Ranjan

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 22, 2025

Before: HARDIMAN, McKEE, and AMBRO, *Circuit Judges*

(Filed: January 29, 2025)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

AMBRO, *Circuit Judge*

Matthew Holmes appeals the revocation of his supervised release and accompanying twenty-four-month prison sentence. Because the District Court committed no error, we affirm.

**I**

In 2020, Holmes was indicted in the United States District Court for the Western District of Pennsylvania on one count of conspiracy to commit bank and access-device fraud and one count of using an unauthorized device. The District Court revoked his pretrial bond after he violated his curfew and forged paperwork to cover up those violations. Holmes pleaded guilty to the conspiracy count and faced a Sentencing Guidelines range of ten to sixteen months' imprisonment. Despite the Guidelines recommendation, the Court instead sentenced him to time served followed by three years of supervised release. It also ordered him to pay $15,000 in restitution.

During his supervised release, Holmes tested positive for marijuana three times, missed a drug test, and failed to make restitution payments. The District Court gave him an oral warning. A few months later, the police found thirty-six stamp bags of heroin on Holmes's person, and he was charged in state court with possession of a controlled substance with intent to deliver. This time, the District Court revoked his supervised release and sentenced him to eighteen months' imprisonment followed by eighteen months of further supervised release.

Less than four months after Holmes finished his eighteen-month prison sentence, a woman living with him informed police officers that he had strangled her, banged her head into a mirror, and broke her phone when she tried to call for help. He was charged in state court with felony strangulation, simple assault, and other crimes. Based on the strangulation incident, the Probation Office petitioned the District Court to revoke Holmes's supervised release. It calculated a Guidelines range of twenty-four to thirty months' imprisonment because it determined the incident was a Grade A violation. But the statutory maximum was twenty-four months because Holmes's underlying offense was a Class D felony.

At the revocation hearing, Holmes and the Government presented the District Court with a "joint sentencing recommendation." According to its terms, Holmes would admit to the charged conduct if it were graded as a B violation. The parties then jointly recommended imprisonment for a term of one year and one day. As agreed, Holmes admitted to the conduct, which the District Court graded as a B violation with a Guidelines range of twelve to eighteen months' imprisonment and a statutory maximum of twenty-four months' imprisonment. But despite the joint recommendation, the District Court varied upward and sentenced Holmes to "the maximum sentence [it could] impose": twenty-four months' imprisonment with no supervised release to follow. App. 85–86. He timely appealed.

II[1]

Holmes argues on appeal that his sentence was substantively unreasonable because the District Court improperly weighed the sentencing factors and mitigating considerations. We are unpersuaded.

"We review the … substantive reasonableness of a revocation sentence for abuse of discretion." *United States v. Clark*, 726 F.3d 496, 500 (3d Cir. 2013). To determine if a sentence is substantively reasonable, we consider whether the final sentence was "premised upon appropriate and judicious consideration of the relevant factors." *United States v. Young*, 634 F.3d 233, 237 (3d Cir. 2011) (quoting *United States v. Doe*, 617 F.3d 766, 770 (3d Cir. 2010)). We will reject a substantive challenge like the one Holmes raises "unless no reasonable sentencing court would have imposed the same sentence … for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

Under 18 U.S.C. § 3583(e), a court imposing a prison term for a violation of supervised release must consider a subset of the factors outlined in 18 U.S.C.§ 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for deterrence. *United States v. Bungar*, 478 F.3d 540,

---

[1]   The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

543–44 & n.2 (3d Cir. 2007) (discussing 18 U.S.C. §§ 3553(a), 3583(e)). These sentences are intended "primarily to sanction the defendant's breach of trust." *Id.* at 544.

Holmes does not contend that the District Court ignored the factors outlined in § 3583(e). He instead argues that it erred by considering his "lack of respect for the law," Appellant's Br. 12 (quoting App. 85), which is mentioned in § 3553(a)(2)(A) but excluded from § 3583(e). A sentencing court is not prohibited, however, from considering respect for the law in determining a revocation sentence. "To hold otherwise would ignore the reality that the violator's conduct simply cannot be disregarded in determining the appropriate sanction." *Young*, 634 F.3d at 240. Nor did the District Court place undue weight on that factor—it referred to Holmes's disrespect for the law only three times.

Holmes also argues that the Court gave too little weight to his "familial concerns," including his obligations to his children and grandmother. Appellant's Br. 12. But it considered those concerns—it just disagreed with Holmes over how much weight to give them. According to the Court, Holmes had previously raised his familial concerns but demonstrated through his repeated misconduct that his family had "not been [his] number one priority at all." App. 85. Not giving that mitigating factor the weight Holmes contends it deserved does not mean his sentence is unreasonable.[2] *Bungar*, 478 F.3d at 546.

---

[2] Holmes appears to challenge his sentence as procedurally unreasonable, too. Because

\*    \*    \*

Because the District Court's sentence was not unreasonable, we affirm.

he did not preserve this argument, our review is for plain error. *United States v. Adair*, 38 F.4th 341, 355 (3d Cir. 2022). Holmes fails to identify a procedural error (let alone one that is plain) in the District Court's judgment, and we discern none. By calculating the advisory Guidelines range, considering the relevant statutory factors, discussing those factors and applying them to Holmes, plus explaining its reasons for rejecting the parties' joint recommendation, the District Court fulfilled its duty to "acknowledge and respond to any properly presented sentencing argument [that] has colorable legal merit and a factual basis." *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007); *see also United States v. Grier*, 475 F.3d 556, 571–72 (3d Cir. 2007) ("The record must disclose meaningful consideration of the relevant statutory factors and the exercise of independent judgment, based on a weighing of the relevant factors, in arriving at a final sentence.").